[Civ. No. 18592.   Second Dist., Div. One.   Feb. 18, 1952.]

ROY J. GOLDENBERG, Respondent, v. HULETT C. MERRITT, Appellant.

Derthick & Cusack and William J. Cusack for Appellant.

Desser, Rau, Christensen & Hoffman and William Christensen for Respondent.

DORAN, J.—This is an appeal from an order granting appellant a new trial to the extent that the order limits the new trial to the taking of the testimony of one witness only.

It appears that the respondent brought suit against appellant for the sum of $2,187, the purchase price of merchandise purchased by appellant. Appellant admitted the purchase but denied any indebtedness, alleging a counterclaim of $8,986.98 based upon an oral contract that if appellant would assist respondent in obtaining employment as auctioneer to sell certain estate property, respondent would pay appellant one third of the compensation received in selling such property. Respondent secured the employment and earned a fee of $26,960.96. This was a second trial of the action, a new trial having been granted after a previous judgment for respondent.

■ During the course of the second trial, respondent, over appellant's objection that no proper foundation had been laid, read into evidence the testimony of one Eddie Allen given upon the occasion of the first trial. Judgment was thereafter entered in respondent's favor and a motion for a new trial made by appellant on the ground that the trial court erred in permitting respondent to read into evidence such prior testimony of Eddie Allen.

On February 15, 1951, the trial court made the following order:

"Motion of defendant for a new trial having been heretofore submitted on January 11, 1951, the court grants the motion only as to the retaking of the testimony of Eddie Allen."

Thereafter and on August 14, 1951, the trial court made the following order *nunc pro tunc*:

"It having come to the attention of the court that the record of the order made by this court upon a motion for a new trial in the above entitled case does not fully set forth the order. It is hereby ordered that the same be corrected to read as the same was given, to wit:

"Motion of the moving party having been heard, submitted and considered, it is ordered that the findings and judgment be set aside and the cause reopened for the purpose of taking the testimony of Eddie Allen."

On this appeal the appellant presents but one point: "The court may not limit the proceedings on a new trial to the testimony of one witness and such a limitation in the instant case amounted to an abuse of discretion." In this connection appellant calls attention to the fact that the record shows a direct conflict regarding the alleged oral contract; that therefore "the testimony of Eddie Allen, presumably a disinterested witness, would appear to have considerable weight in determining this important issue."

Section 662 of the Code of Civil Procedure, in reference to new trials, reads as follows: "In ruling on such motion, in a cause tried without a jury, the court may, on such terms as may be just, change or add to the findings, modify the judgment, in whole or in part, vacate the judgment, in whole or in part, and grant a new trial on all or part of the issues, or in lieu of granting a new trial, may vacate and set aside the findings and judgment and reopen the case for further proceedings and the introduction of additional evidence with the same effect as if the case had been reopened

after the submission thereof and before findings had been filed or judgment rendered."

The respondent's position, as set forth in the brief, is that "The order made by the trial court on February 5, 1951, shows that it was the purpose and intent of the trial court to reopen the case for the purpose of receiving additional evidence and is proper under Section 662, Code of Civil Procedure." It is further argued that "The trial court had jurisdiction to make the order made on August 14, 1951, nunc pro tunc as of February 5, 1951, to show the true intent of its order theretofore made." It is also urged that in effect the trial court did not grant a new trial, but made the *nunc pro tunc* order reopening the case "in lieu of a new trial," as provided in section 662, and that such order is not appealable.

The appellant's contention that the order hereinbefore set forth was unauthorized and amounted to an abuse of discretion, cannot be sustained. The intent and purpose of the order of February 5, 1951, as clarified by the *nunc pro tunc* order, is plain; namely, to rectify the trial court's previous error in permitting respondent to make use of testimony taken at a previous trial without requiring a showing that the witness, Eddie Allen, was unavailable. This, as respondent points out, "is the very purpose of Section 662, Code of Civil Procedure."

*Roraback* v. *Roraback*, 38 Cal.App.2d 594, 596 [101 P.2d 772], involved a somewhat similar order in which a new trial was "granted to the following extent only, to-wit: the findings of fact herein are hereby vacated and set aside, and the case is reopened for the taking of further testimony by both sides." The reviewing court held that when such order is construed as a whole, "It comes clearly within the provisions of the last clause of section 662 . . ."; that the true meaning of an order "is not an isolated phrase appearing therein, but its effect when considered as a whole." The true purpose of the order was not to grant a new trial but to reopen the case.

The Roraback case just cited, further states: "The section in question, it is true, presents an innovation in court procedure, yet its purposes are so well recognized that it has been held the provisions of the section are to be liberally construed to achieve the purposes it was designated to accomplish." Such a liberal interpretation in the instant case

renders the meaning abundantly clear. Neither a want of authority to make the order, nor an abuse of the trial court's discretion, has been shown.

Giving appellant the benefit of the doubt in reference to the appealable nature of the order made, in view of the fact that such order was entered pursuant to the provisions of the code section relating to new trial, but not deciding that question, the order made, as explained by the later *nunc pro tunc* order, must be sustained.

The order appealed from is affirmed.

White, P. J., and Drapeau, J., concurred.