[Civ. No. 3765.   Second Appellate District, Division One.—October 13, 1921.]

## SAMUEL W. LUITWIELER, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

[1] INJUNCTION—RESTRAINING ORDER—APPEAL.—A restraining order in its effect is an injunction, and is an injunction though temporary; and the statute, in giving the right of appeal from an order granting an injunction, makes no distinction between temporary and permanent injunctions.

---

1. Distinction between temporary injunction and restraining order, note, Ann. Cas. 1917B, 123.

[2] ID.—ISSUANCE PENDENTE LITE—REMEDY OF PARTY AGGRIEVED.—The only remedy of a party against whom an injunction *pendente lite* has been granted, if aggrieved by the injunction issued, is an appeal from that order, or a trial of the action on the merits in the superior court.

[3] ID.—DIVORCE—ORDER REQUIRING DEFENDANT TO VACATE PREMISES— APPEAL.—An order in a divorce proceeding made *pendente lite* and prior to judgment wherein, among other things, the defendant is required "to forthwith vacate the residence of plaintiff" at a stated address and also to "deliver to counsel for plaintiff the key to the front door of said premises and any other keys that will give defendant ingress to said premises or any part or portion thereof," is an appealable order; and such an appeal, if taken, will stay the operation of such order in so far as it is mandatory in character.

PROCEEDING on Certiorari to review an order of the Superior Court of Los Angeles County, Thos. O. Toland, Judge, made *pendente lite* in a divorce proceeding. Writ quashed and proceeding dismissed.

The facts are stated in the opinion of the court.

Taylor & Forgy for Petitioner.

Bradner W. Lee, Bradner W. Lee, Jr., and Kenyon F. Lee for Respondents.

CONREY, P. J.—In an action of divorce wherein the petitioner, Samuel W. Luitwieler, is defendant, respondent superior court made an order wherein, among other things, the defendant was required "to forthwith vacate the residence of plaintiff" at a stated address in the city of Los Angeles; also to "deliver to counsel for plaintiff the key to the front door of said premises and any other keys that will give defendant ingress to said premises or any part or portion thereof."

Being of the opinion that respondent court exceeded its jurisdiction in the premises, this court issued the writ of review as demanded by petitioner. Inadvertently we assumed that the order in question, being an order *pendente lite* and made prior to judgment in the action, was an order from which there is no right of appeal. Respondents now move that the writ be vacated and the proceedings dismissed

upon the ground that the order of which petitioner complains is an appealable order.

An appeal may be taken from an order "granting or dissolving an injunction." (Code Civ. Proc., sec. 963.) **[1]** A restraining order in its effect is an injunction, and is an injunction though temporary. The statute, in giving the right of appeal from an order granting an injunction, makes no distinction between temporary and permanent injunctions. (*Laam* v. *McLaren*, 28 Cal. App. 632, 635 [153 Pac. 985].) **[2]** The only remedy of a party against whom an injunction *pendente lite* has been granted, "if aggrieved by the injunction issued, is an appeal from that order, or a trial of the action on the merits in the superior court." (*United Railroads* v. *Superior Court*, 170 Cal. 755, 766 [Ann. Cas. 1916E, 199, 151 Pac. 129, 134].) "It has been uniformly held by this court, in accord with the provisions of section 1068 of the Code of Civil Procedure, that if a party has the right of appeal from an order in excess of jurisdiction, he cannot have such order reviewed in *certiorari* proceedings." (*Hildebrand* v. *Superior Court*, 173 Cal. 86, 89 [159 Pac. 147, 149].)

**[3]** Petitioner contends that the foregoing decisions are not applicable in the present case for the reason that the order complained of is not an injunction; referring to the definition of an injunction as stated in section 525 of the Code of Civil Procedure, wherein it is stated that "an injunction is a writ or order requiring a person to refrain from a particular act." Counsel say that the alleged order is not an injunction; that "it is in the nature of a *mandamus*, or of a judgment in ejectment, or probably an order of arrest, in that it is an order commanding an affirmative personal action on the part of the defendant." The decisions relating to this subject recognize the power of the courts in this state to grant mandatory injunctions. "When the character of the injunction is subjected to review before a higher tribunal, that tribunal . . . will not condemn an injunction even if it be mandatory in character, for injunctions of this character, when they afford the only adequate means of relief to a petitioner, are steadily growing in favor." (*United Railroads* v. *Superior Court*, 172 Cal. 80, 87 [155 Pac. 463].) It thus appears that the order sought to be reviewed herein is an appeal-

able order; and if it were necessary to go further, it might be pointed out that the appeal, if taken, would stay the operation of the order in question in so far as it is mandatory in character. For in the case last cited (172 Cal. 82 [155 Pac. 464]), the court said: "It is well settled, indeed conceded, that an appeal does not stay the operation of a preventive injunction. Equally well settled is it that an appeal does stay the operation of a mandatory injunction."

The writ is quashed and the proceeding is dismissed.

Shaw, J., and James, J., concurred.