[Civ. No. 1106. Fourth Appellate District.—July 13, 1934.]

EDWARD C. SPARR, Appellant, v. F. W. BYERS et al., Defendants; ROSA BYERS, Respondent.

Harry W. Horton for Appellant.

Olin N. MacKay for Respondent.

BARNARD, P. J.—In this action brought to quiet title to certain real property situated in Imperial County, Rosa Byers, one of the defendants, filed a cross-complaint asking that title to the property be quieted in her. After a trial the court made findings and entered judgment in favor of the cross-complainant on February 1, 1932. On February 9, 1932, the plaintiff served and filed a notice of intention to move for a new trial. On March 30, 1932, after oral argument, the court granted the motion for a new trial and ordered the findings and judgment set aside. After making this order the court directed the plaintiff to prepare amended findings and to mail the same to the defendants on or before April 1, 1932, granted the defendants leave to file objections to such amended findings, if desired, and stated that the matter would then be taken under submission by the court and judgment entered within ten days. Apparently, amended findings were submitted as the record contains an unsigned set of findings on which counsel for defendants have admitted receipt of a copy on April 1, 1932, and on which is indorsed "April 19, 1932, refused signing, V. N. Thompson, Judge." The minutes of the court then show that the following order was entered on April 19, 1932: "At this date the court sets aside the order heretofore made

on March 30, 1932, and now orders that the original findings of fact and judgment in the above entitled action shall be permitted to stand.'' Thereafter the plaintiff appealed from the judgment entered on February 1, 1932, and from the order entered on April 19, 1932, purporting to set aside the order granting a new trial which was made and entered on March 30, 1932.

While, under section 662 of the Code of Civil Procedure, a trial court may, in lieu of granting a new trial, vacate and set aside the findings of fact and the judgment and reopen the case for further proceedings, this course was not here followed. The order made on March 30, 1932, granted the motion for a new trial and set aside the findings and judgment theretofore filed and entered. The further order directing the plaintiff to prepare amended findings and giving the defendants the right to object thereto could have no effect, as a new trial had already been granted and, under the circumstances, such a new trial could not be limited to the mere preparation of new findings. The procedure here attempted is not authorized by the statute and the only effect of the order entered on March 30, 1932, was to grant a new trial.

We also think the order entered on April 19, 1932, purporting to set aside the order granting a new trial, was void under section 660 of the Code of Civil Procedure, as the same then stood. The power of the court to pass upon a motion for a new trial expired sixty days after February 9, 1932. Notwithstanding this fact, on April 19, 1932, the court attempted to set aside the order granting a new trial and to reinstate the original findings and judgment. This was an attempt to pass upon the motion for a new trial after the sixty days had expired by another and new order, the effect of which would be to deny a new trial. This was beyond the court's power, as it had then lost jurisdiction to pass upon the motion for a new trial.

It is not necessary to pass upon the question as to whether the appeal from the judgment entered on February 1, 1932, was taken in proper time, as that judgment has been set aside by the order entered on March 30, 1932. A number of other points are raised in connection with the appeal from the judgment which need not be here considered, although it may be observed that most of the errors complained of

can be avoided on a retrial by proper amendments to the pleadings.

The judgment and order appealed from are reversed and the cause remanded for a new trial.

Jennings, J., concurred.

Marks, J., being absent, did not participate in this opinion.