[Civ. No. 6375.   Third Appellate District.—April 24, 1940.]

CHARLES RORABACK, Respondent, v. DELILAH R. RORABACK, Appellant.

Milton M. Cohen and Solomon Rosenbaum for Appellant.

W. I. Gilbert and John H. Pelletier for Respondent.

GEARY, J., *pro tem.*—On January 7, 1936, plaintiff and respondent, hereinafter termed respondent, filed his complaint for divorce from defendant and appellant, hereinafter termed appellant, upon the ground of extreme cruelty, and prayed for a division of community property of the parties. Thereafter, appellant duly filed her answer to the complaint, denying the allegations of cruelty. By a separate cross-complaint she alleged cruelty and desertion upon the part of respondent, and also prayed for a division of the community property, for separate maintenance, for counsel fees and costs. By answer to the cross-complaint respondent specifically denied the allegations of cruelty, and further alleged that by reason of the conduct of the appellant herein he was forced to leave the home of the parties. Upon the issues thus framed, trial was had on April 1, 1936, at which the daughters of respondent testified in his behalf, and various witnesses appeared for appellant.

The evidence shows that the parties intermarried in 1903 in the State of Idaho, and that for several years difficulties of an apparently irreconcilable nature have existed between them. In ·1928 appellant herein instituted an action for divorce, but thereafter the parties became reconciled and lived together as husband and wife until March 11, 1931, at which time a final separation occurred. While the testimony at the original hearing herein, in support of the complaint for divorce, was rather general in nature, viewed as a whole it clearly reveals a long-smoldering domestic situation with intermittent flare-ups that appear to wholly preclude hopes of reconciliation. Upon the conclusion of the hearing the trial judge declared that plaintiff had failed to make out

a case, and thereafter, findings of fact and conclusions of law were prepared, signed and filed herein, in which the court expressly found against the respondent's allegations of cruelty; found that he had deserted and persisted in his desertion of the appellant, against her will, since about March 11, 1931, and that on numerous occasions respondent had been guilty of cruelty toward appellant. The court, on June 15, 1936, filed its judgment, wherein it denied respondent a decree of divorce, awarded appellant the sum of $125 per month as separate maintenance, a further specified sum for attorney's fees and costs, and divided the community property of the parties.

Thereafter, on June 20, 1936, respondent filed his motion for new trial, based on the records, files and minutes of the court, upon the grounds: 1. That the evidence is insufficient to justify the decision. 2. That the decision is against law. 3. Errors of law occurring at the trial and excepted to by plaintiff. 4. Newly discovered evidence, material for plaintiff, which he could not, with reasonable diligence, discover and produce at the trial. No affidavits were filed at any time in support of the motion. The motion was argued on August 10, 1936, and on August 13, 1936, the court made its order, which is the basis of contention here, as follows:

"Plaintiff's motion for a new trial, continued from August 10, 1936, comes on for hearing, and the court makes the following order: A new trial in this case is granted to the following extent only, to-wit: the findings of fact herein are hereby vacated and set aside, and the decree heretofore entered herein is hereby vacated and set aside, and the case is reopened for the taking of further testimony by both sides. Date of hearing is to be set by counsel or order of court."

On September 23, 1936, defendant and appellant filed an "Exception and Objection to the Order Re-opening the Proceedings and Vacating Orders", on the ground that defendant had not had an opportunity or a day in court to oppose plaintiff's motion for new trial; that plaintiff did not at any time present affidavits "in support of any newly discovered evidence, as required by Section 658, Code of Civil Procedure"; and that the court's order of August 13, 1936, was in excess of the court's jurisdiction, and hence void. On November 9, 1936, the matter came on for the taking of further testimony pursuant to the above order of the court, at which

time counsel for defendant and appellant entered strenuous objections thereto, on the grounds that the evidence sought was incompetent, irrelevant and immaterial, and that the court was without jurisdiction to thus proceed. By stipulation such objections were deemed duly made, and the court's ruling thereon reserved to all testimony thereafter taken in the matter. Thereupon, on November 9th and November 10th, two new witnesses and several former witnesses were called and testified on behalf of the respondent. Appellant offered no additional testimony. Upon the conclusion of the respondent's case appellant moved to strike the testimony thus taken over her objection upon the grounds above mentioned. Thereafter, on November 23, 1936, the court filed its order denying appellant's motion to strike the testimony so taken upon the authority of *Treat, Petitioner,* v. *Superior Court,* 7 Cal. (2d) 636 [60 Pac. (2d) 147], and decided that respondent was entitled to a divorce. The court thereupon directed that findings be prepared accordingly, and that the divorce be granted upon the stipulation that the property settlement agreement be carried out and the property divided in the manner provided in the former decree. Subsequently, on December 2, 1936, findings were signed and filed herein in which the trial court found that appellant had without provocation committed certain enumerated acts, causing respondent great expense, humiliation, embarrassment and mental suffering, resulting in mental and physical pain, nervous shock and financial injury, by reason of which respondent was forced to live separate and apart from the defendant and appellant; and that each of the allegations of desertion and cruelty set forth in defendant's and appellant's cross-complaint were untrue.

As conclusions of law the court found that the respondent was entitled to a decree of divorce by reason of appellant's desertion and abandonment, and that the community property should be divided and payments made to appellant for maintenance as provided in the former decree. Judgment was thereupon filed and entered accordingly.

█ Appellant contends that the order of August 13, 1936, is null and void and in excess of the jurisdiction of the trial court. That none of the grounds urged by respondent in support of the motion for new trial were well taken; that no affidavits of newly discovered evidence were ever filed herein,

and that the order of August 13th granted a new trial in the total absence of sufficient legal grounds therefor.

Despite its language, we are of the opinion that the order of August 13, 1936, did not grant a new trial; that construed as a whole, it comes clearly within the provisions of the last clause of section 662, Code of Civil Procedure, which provides: "or, in lieu of granting a new trial, (the court) may vacate and set aside the findings and judgment, and reopen the case for further proceedings and the introduction of additional evidence, with the same effect as if the case had been reopened after the submission thereof and before findings had been filed or judgment rendered". In so construing the order in question, we are not unmindful that it reads in part: "a new trial in this case is granted to the following extent only . . . "

The true measure of an order, however, is not an isolated phrase appearing therein, but its effect when considered as a whole. (*Pierce* v. *City of Los Angeles,* 159 Cal. 516, 518 [114 Pac. 818]; *Lippitt & Lippitt* v. *Smallman,* 20 Cal. App. 595, 597 [129 Pac. 956]; *Bureau of Welfare, etc.,* v. *Drapeau,* 21 Cal. App. (2d) 138, 150 [68 Pac. (2d) 998].) In construing orders they must always be considered in their entirety, and the same rules of interpretation will apply in ascertaining the meaning of a court's order as in ascertaining the meaning of any other writing. If the language of the order be in any degree uncertain, then reference may be had to the circumstances surrounding, and the court's intention in the making of the same. (*Ex parte Ambrose,* 72 Cal. 398, 401 [14 Pac. 33]; *Security-First Nat. Bank* v. *Superior Court,* 132 Cal. App. 683, 697 [23 Pac. (2d) 1055].) It is apparent from a reading of the entire transcript that the trial court neither intended to, nor did it grant a new trial in general terms as that term is used and understood, in that the order did not seek nor permit a "reexamination of an issue of fact (Code of Civil Procedure, Sec. 656) *as though no trial had been previously had".* (*Bureau of Welfare, etc.,* v. *Drapeau, supra.*) At the first hearing respondent, in addition to the testimony of himself and appellant (called under sec. 2055, Code Civ. Proc.) relied primarily upon that of the daughters of the parties. Their position as witnesses was most difficult, and their examination and testimony so general in character as to be of little value. That fact was commented upon by the trial judge at the conclusion of the

hearing. Indeed, a reading of the testimony at the first trial reproduces an impression eloquently voiced by the judge who presided thereat. Under these circumstances the trial judge doubtless questioned that his disposition of all aspects of the case was proper, and determined to grant the alternative relief as provided in the code section; to "reopen the case for further proceedings and the introduction of additional evidence with the same effect as if the case had been reopened after the submission thereof". At the second hearing the daughters of the parties were again called as witnesses. Their testimony at this hearing was so specific and of such a detailed nature as to certainly constitute "additional evidence". This testimony, when considered with that taken at the former hearing and with that of the other two witnesses called, establishes ample evidence to support the judgment of the trial court. Under the broad powers conferred by section 662, Code of Civil Procedure, we have no doubt the court had the right to so act herein. That section by its terms enlarges greatly the power of the trial court in the particulars mentioned therein, for the obvious purpose of minimizing both expense and delay to litigants in those cases wherein the trial court may entertain a doubt in any particular cause as to the propriety of the judgment entered by it.

The section in question, it is true, presents an innovation in court procedure, yet its purposes are so well recognized that it has been held the provisions of the section are to be liberally construed to achieve the purposes it was designated to accomplish. (*Shimpones* v. *Stickney*, 219 Cal. 637, 642 [28 Pac. (2d) 673]; *Spier* v. *Lang*, 4 Cal. (2d) 711-714 [53 Pac. (2d) 138].)

The judgment is affirmed.

Thompson, J., and Pullen, P. J., concurred.