[Civ. No. 22796. Second Dist., Div. One. Feb. 17, 1958.]

BIRJA M. WILKINS et al., Respondents, v. HARRY OKEN et al., Appellants.

Vaughan, Brandlin & Baggot for Appellants.

Robert Wanamaker, John Ruskin Lane and William A. Tookey for Respondents.

FOURT, J.—This is an appeal from an order granting a preliminary injunction. The effect of the injunction is that, pending the outcome of the present action for rescission of a sale of real property, the parties are restrained from taking possession of those portions of an eminent domain award to which they have been held to be entitled in an eminent domain proceeding commenced by the El Monte School District, in which proceeding the judgment is not yet final.

Upon the ultimate determination of the rescission action, the amount available under the final judgment in the eminent domain award will be distributed to the sellers Harry Oken and the plaintiffs; or, in the alternative, to the purchaser Melvina Brenner Oken and the sellers Harry Oken and the plaintiffs as owners of the second deed of trust on the property.

A résumé of the facts is as follows: Title to the parcel of real property known as Hicks Camp and consisting of approximately 30 acres, was vested in plaintiffs and Harry Oken as tenants in common, each of them owning an undivided one-third interest. The interest of Harry Oken was held in the name of defendant Frederick S. Oken, as trustee for Harry Oken. Frederick S. Oken is the adult son of Harry Oken. Upon the real property were located a partially completed water system and numerous small and substandard dwellings, which were owned by the occupants thereof, who rented the land.

A grant deed executed January 23, 1956, by plaintiffs and

Frederick S. Oken conveyed title to Melvina Brenner. Harry Oken and Melvina Brenner were married February 1, 1956, and the aforesaid grant deed was recorded on February 1, 1956. The sale price was $121,000. The property was subject to an existing first trust deed with an unpaid balance of approximately $66,000 in favor of defendants P. H. Youngblood and Ellen W. Youngblood; and sellers took back a second trust deed in the amount of $32,500.

Previously, on December 15, 1954, the El Monte School Board District had commenced the eminent domain proceeding to appropriate about 10 acres of said Hicks Camp, in which a verdict was returned for the real property, improvements and dwellings taken in the amount of $95,149.90, and for severance damage to the remaining property in the amount of $17,750. In a second phase of the eminent domain proceeding to apportion the award, judgment was entered that $30,764.85 be paid to plaintiffs and to defendant Frederick Oken on their promissory note, thereby removing the lien of the second trust deed; that $45,000 be paid to defendants P. H. Youngblood and Ellen W. Youngblood on the first trust deed; that $1,550 be paid to certain of the tenants for their dwellings; and that the balance of $35,585.05 be paid to Melvina Brenner Oken as owner.

The El Monte School District paid the award by placing the entire amount on deposit with the clerk of the superior court. An appeal by the tenants from the judgment in the eminent domain proceeding was pending at the time the present action to rescind the sale to Melvina Brenner because of misrepresentations and fraud and seeking an accounting was filed on December 12, 1956. Affidavits were filed, and upon appropriate motion, a preliminary injunction was granted May 8, 1957, "restraining all parties from withdrawing any money deposited with the court until final judgment or further order of court."

Appellants contend that a preliminary injunction should not be issued in a doubtful case; that the plaintiffs have not sustained their burden of showing a legal right to the injunction, and that the benefits to be gained by the plaintiffs outweigh the detriments to be suffered by the defendants; that plaintiffs have an adequate remedy at law; that he who seeks equity must do equity, and that plaintiffs have not done or offered to do equity herein; that no cause of action is stated against the clerk of the superior court; and that the complaint does not state facts sufficient to constitute a cause of action.

Code of Civil Procedure, section 526, subdivision 3, provides as follows:

"An injunction may be granted in the following cases:

. . . . . . . . . . . .

"3. When it appears, during the litigation, that a party to the action is doing, or threatens, or is about to do, or is procuring or suffering to be done, some act in violation of the rights of another party to the action respecting the subject of the action, and tending to render the judgment ineffectual; . . . ."

 Injunction is an extraordinary remedy and courts have consistently proceeded with great caution in exercising their power, and have required a clear showing that the threatened and impending injury is great, and can be averted only by injunction.

 By giving constructive notice to the world of the claims which are asserted to certain land, lis pendens is generally regarded as an adequate remedy to protect the rights of the parties in an action for rescission of a sale of land. In the instant action, pursuant to the provisions of the Code of Civil Procedure, section 409, a notice of pendency of action was filed; and this legal remedy should be regarded as adequate protection to the plaintiffs as to the approximately 20 acres of Hicks Camp which is not affected directly by the eminent domain proceeding. The situation is quite different, however, as to the approximately 10 acres to which the fee now stands in the El Monte School District, free and clear of the rights of any parties to this suit. Under the doctrine of equitable conversion, money awarded for land appropriated to the public use is considered as land with respect to all rights and interests therein. (*Los Angeles T. & S. Bank* v. *Bortenstein,* 47 Cal.App. 421, 423 [190 P. 850]; *Pomona College* v. *Dunn,* 7 Cal.App.2d 227, 232 [46 P.2d 270].)

 Notwithstanding the doctrine of equitable conversion, the filing of a lis pendens is completely ineffectual as a protection for the rights of the parties with respect to the money deposited with the clerk of the superior court in payment of the condemnation award. In the absence of some restraint the defendants could, and the plaintiffs contend that the defendants would, secure and misapply and disburse the funds which, under the doctrine of equitable conversion, stand in place of the land. Thereafter if the plaintiffs should prevail in the rescission action, any judgment would not adequately protect the rights of the parties insofar as the specific funds

are concerned, and plaintiffs would be relegated to the position of common creditors of the defendants.

There is the additional possibility of harm to the plaintiffs in that the payment to be made to plaintiffs and the defendant Frederick S. Oken of $30,764.85 representing the balance due on a second trust deed executed in their favor as sellers by Melvina Brenner Oken as buyer, would be regarded in law as a ratification by them of the sale and that they would thereby be estopped to rescind the sale.

In balancing the equities, it would appear that the only detriment which the defendants would suffer because of the injunction would be that for a comparatively short time their funds will have been withheld from them. Plaintiffs have posted a bond of $5,000. In addition, a substantial part of the money on deposit with the clerk of the superior court unquestionably belongs to the plaintiffs, and the court could properly order payment of interest from that amount, thereby adequately compensating defendants for any detriment suffered by the withholding of their funds.

■ Appellants further assert that plaintiffs have neither paid nor offered to pay any part of the attorneys' fees and costs in the condemnation action. A review of the record fails to disclose any contract creating a lien against monies collected by any attorney on behalf of any client in the condemnation action. In the absence of a contract creating such a lien, we know of no rule entitling an attorney to an equitable lien on any specific funds under the circumstances of this case.

A review of the record discloses that the clerk of the superior court is not a party to the present action, and the restraining order is not directed to the clerk, but is directed to the appellants and the respondents herein.

The trial court in overruling a general demurrer to the complaint held, we think correctly, that the complaint does state a cause of action. (36 Cal.L.Rev. 606, 610; *California etc. Co.* v. *Schiappa-Pietra,* 151 Cal. 732 [91 P. 593]; *Rosemead Co.* v. *Shipley Co.,* 207 Cal. 414, 421-422 [278 P. 1038].)

Under the circumstances of this case, we believe the issuance of the injunction was proper.

Judgment affirmed.

White, P. J., and Herndon, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.