[Civ. No. 23881. Second Dist., Div. One. July 23, 1959.]

WESTERN ELECTROPLATING COMPANY (a Corporation), Respondent, v. LEWIS HENNESS et al., Appellants.

E. O. Leake and J. J. Leake for Appellants.

Riedman, Dalessi, Beyer & Riedman for Respondent.

LILLIE, J—Plaintiff, respondent herein, sought to have defendants enjoined from soliciting business from certain of its former customers; substantial damages were also de-

manded. The trial court granted a permanent injunction and awarded damages, whereupon defendants moved for new trial. The court, exercising powers granted by section 662, Code of Civil Procedure, thereafter rendered its order, the material portion of which reads as follows: "The motion for a new trial is denied and in lieu of granted (sic) the motion for a new trial those portions of the findings and judgment involving the subject of monetary damages and no other are set aside and the case is reopened on the sole issue of the amount of damages for further proceedings and the introduction of further evidence with the same effect as if the case had been reopened after submission and before findings filed or judgment rendered for the sole purpose of hearing additional evidence on the amount of damages to which plaintiff is entitled. . . ." The order further recited that it was made on the sole ground of the insufficiency of the evidence to support the award and fixed March 30, 1959, as the date for the hearing of additional evidence. On March 12, 1959, defendants filed notice of appeal from the judgment previously rendered "and from the whole thereof," and from the minute order vacating and setting aside a portion of the findings and judgment as mentioned above. Respondent has moved to dismiss on the ground that no appeal lies from either such judgment or such order.

We first consider the appealability of the order in question. ■ The trial court properly invoked the powers authorized under section 662 upon what presumably was an ordinary motion for new trial (*Hontou* v. *Orvis*, 42 Cal.App.2d 585, 589 [109 P.2d 395]). Appellants do not argue otherwise, nor is there any suggestion that normal procedure was not followed by assigning a later date for the taking of additional evidence (*Smith* v. *Wood*, 100 Cal.App.2d 96 [223 P.2d 103]). What is disputed, however, is the effect of the order entered. Appellants contend that the court's action was equivalent to the granting of a new trial which is expressly made appealable by section 963, subdivision (2), Code of Civil Procedure; respondent, on the other hand, maintains that when the court availed itself of section 662, the effect was a denial of the motion for new trial. As in other reported cases (*Bureau of Welfare, etc. Assn.* v. *Drapeau*, 21 Cal.App.2d 138 [68 P.2d 998]; *Estate of Busteed*, 105 Cal.App.2d 14 [232 P.2d 881]), some confusion may have here occurred because of the use of the word "grant." In that connection

appellant points out that the formal judgment entered on January 9, 1959, now includes the caption "New Trial Granted As To Damages Only as Per Minute Order of March 9, 1959." Such subsequent clerical misprision or inadvertence seems relatively unimportant. In both the Drapeau and Busteed cases, *supra*, the order in question recited that the motion was "granted," and the use of this seemingly contradictory language was reconciled by reference to the order as a whole. To the same general effect is *Gardner* v. *Rich Mfg. Co.*, 68 Cal.App.2d 725 [158 P.2d 23]. ■ Despite appellants' claims to the contrary, it is now settled that when the court follows the procedure authorized by section 662, no new trial is thereby granted (*Pacific Home* v. *County of Los Angeles*, 41 Cal.2d 855 [264 P.2d 544]; *Estate of Perkins*, 21 Cal.2d 561 [134 P.2d 231]; *Spier* v. *Lang*, 4 Cal.2d 711 [53 P.2d 138]). If the opposite were true, as the court in the Spier case observes, it would be meaningless and inappropriate to attempt to modify the judgment thus set aside. Stated otherwise, if a new trial is actually granted the court divests itself of any power to alter the findings or judgment—its jurisdiction is lost except to retry the case (*Sparr* v. *Byers*, 139 Cal.App. 668 [34 P.2d 787]).

■ The same principles must control when, as here, an order is made for the introduction of further evidence. Almost apposite is *Roraback* v. *Roraback*, 38 Cal.App.2d 592 [101 P.2d 772], in which the order upon the motion for new trial read as follows: "A new trial in this case is granted to the following extent only, to-wit: the findings of fact herein are hereby vacated and set aside, and the decree heretofore entered herein is hereby vacated and set aside, and the case is reopened for the taking of further testimony by both sides. Date of hearing is to be set by counsel or order of court." The court concluded, upon a reading of the entire transcript, that the trial court neither intended to, nor did it permit "a re-examination of an issue of fact . . . after a trial and decision by a jury, court, or referee" (Code Civ. Proc., § 656).

■ "It is implicit in the proceeding (for new trial) that it be 'after a trial and decision' " (*Gossman* v. *Gossman*, 52 Cal. App.2d 184, 196 [126 P.2d 178]). The "decision" in a non-jury case normally consists of written findings of fact and conclusions of law (Code Civ. Proc., § 632). ■ As the order in question clearly declares, "the case is reopened on the sole issue of damages . . . with the same effect as if the

case had been reopened after submission and *before findings filed or judgment rendered. . . .*" Until further action by the court on such a finding, manifestly there could be no "reexamination of an issue of fact" within the purview of section 656, *supra.*

Appellants cite *Leipert* v. *Honold,* 39 Cal.2d 462 [247 P.2d 324, 29 A.L.R.2d 1185]; *Hamasaki* v. *Flotho,* 39 Cal.2d 602 [248 P.2d 910]; *Cary* v. *Wentzel,* 39 Cal.2d 491 [247 P.2d 341] and *Rose* v. *Melody Lane,* 39 Cal.2d 481 [247 P.2d 335], in support of the recognized rule that a court is authorized to order a partial or limited new trial; however, in all four cases a partial new trial was in fact granted and they must therefore be distinguished from the proceeding at bar where the effect of the order was otherwise. Likewise not in point is *Eades* v. *Trowbridge,* 143 Cal. 25 [76 P. 714], which concerned the construction of section 662 as it read prior to its repeal in 1915. The statute with which we are concerned was enacted in 1929 and its language is substantially different from former section 662.

■ Summing up this phase of the matter, the procedure followed by the trial court has been declared to be an "innovation," yet the "purposes (of § 662) are so well recognized that it has been held the provisions of the section are to be liberally construed to achieve the purposes it was designated to accomplish (citations)" (*Roraback* v. *Roraback, supra,* 38 Cal.App.2d 592, 597).

With respect to the appeal from the unvacated portion of the judgment granting a permanent injunction, respondent relies on the settled rule that ordinarily there may be only one final judgment in a case as to any one party (*Bank of America* v. *Superior Court,* 20 Cal.2d 697, 701 [128 P.2d 357]). ■ As stated in the cited case, where several counts are involved between the same parties—and that is our situation—there cannot be a piecemeal disposition thereof, with a separate judgment and right of appeal each time one is disposed of; to the contrary, the errors must be reviewed on a single appeal from the final judgment. Thus, in *de Vally* v. *Kendall de Vally O. Co., Ltd.,* 220 Cal. 742 [32 P.2d 638], an attempted appeal from a partial judgment (involving two counts only) was dismissed; again when nonsuits were granted on some counts and other counts given to the jury, an appeal from the purported judgment disposing only of the latter was dismissed and the cause remanded to the trial court

(*Murphy* v. *Fong Shuck,* 151 Cal.App.2d 64 [311 P.2d 80]). The rule appears to be no different when, as here, multiple causes of action are based on different substantive rights (*Gombos* v. *Ashe,* 158 Cal.App.2d 517, 522 [322 P.2d 933]); *Wilson* v. *Wilson,* 96 Cal.App.2d 589 [216 P.2d 104]). Both the Gombos and Wilson cases refer to *Nicholson* v. *Henderson,* 25 Cal.2d 375, 380 [153 P.2d 945], where mention is made of the possibility that there may be other exceptions to the general rule in addition to the two discussed therein. The test must be the existence of unusual circumstances in which postponement of the appeal until the final judgment as to all causes of action would cause serious hardship and inconvenience. (Freeman on Judgments, fifth ed., § 45.)

Appellants contend that they will be subjected to serious hardship since the provisions of the injunction are prohibitory in nature and its operation is not stayed by the appeal. (*Food & Grocery Bureau* v. *Garfield,* 18 Cal.2d 174, 177 [114 P.2d 579]); they also contend that the Legislature made an exception to the final judgment rule by the adoption of subdivision 2 of section 963, which provides that an order granting an injunction is appealable. They argue that relief by way of injunction is a drastic remedy—and the cases bear them out. "Injunction is an extraordinary remedy and courts have consistently proceeded with great caution in exercising their power, and have required a clear showing that the threatened and impending injury is great, and can be averted only by injunction" (*Wilkins* v. *Oken,* 157 Cal.App.2d 603, 606 [321 P.2d 876]). Too, unlike the rule governing certain intermediate orders, there is a right of appeal from the rendition of injunctive relief at *any* stage of the proceeding— "the intent of the statute (§ 963, subd. 2, *supra*) is that all orders granting or refusing injunctions, whether temporary or permanent or provisional pending appeal, shall be appealable" (*Brydon* v. *City of Hermosa Beach,* 93 Cal.App. 615, 620 [270 P. 255]). To the same effect are *Luitwieler* v. *Superior Court,* 54 Cal.App. 528 [202 P. 165] and *Monterey Club* v. *Superior Court,* 44 Cal.App.2d 351 [112 P.2d 321]. Except that it involved the remedy of receivership, which is likewise controlled by section 963, subdivision (2), a similar problem was presented in *Brown* v. *Memorial Nat. Home Foundation,* 158 Cal.App.2d 448 [322 P.2d 600]. Cognizance was taken of the "drastic character of the remedies of receivership and injunction" (p. 456), the court observing that

"(t)here is nothing unclear or equivocal in the language of this provision (§ 963, subd. 2)." It was concluded that appellants had "an unqualified and unquestionable right to an immediate review of the provisions of the judgment appointing the receivers" (p. 457). We concur in the views thereinabove expressed, and we also distinguish (as does the Brown decision) the case of *McCarty* v. *Macy & Co.*, 153 Cal.App.2d 837 [315 P.2d 383]. As here, the plaintiffs in the McCarty case sought an injunction as well as damages. The equitable issue was tried first by the court sitting as chancellor, the claim for damages to be tried later by a jury duly selected for that purpose. Following the reception of evidence germane to the equitable issue, the court made a minute order indicating that equitable relief would be denied. An appeal from such minute order was dismissed for the reason that "it was not the intention of the court to enter any judgment until the issue of damages had been disposed of, and it is likewise clear that no final judgment, or any judgment, had been entered" (p. 840).

The situation in the case at bar is quite different. As heretofore observed, the portion of the judgment appealed from is essentially prohibitory in character; by its provisions, appellants are "permanently restrained and enjoined from individually or through their agents, servants or employees, soliciting any business from any of the former customers of plaintiff listed in the plaintiff's complaint . . . and each of them are further permanently enjoined and restrained from accepting any business from any of such customers on said list as shall have prior to the date hereof transferred any portion of their chrome plating business to the defendants. . . ." Being thus prohibitory, the decree is self-executing (*Food & Grocery Bureau* v. *Garfield, supra*, 18 Cal.2d 174, 177), and *a* final, if not *the* final, judgment in the present proceeding since "no issue is left for future consideration except the facts of compliance or noncompliance with the terms of the first decree" (*Meehan* v. *Hopps*, 45 Cal.2d 213, 217 [288 P. 2d 267]).

Mindful though we are of the general appellate practice that deprecates piecemeal disposition and multiple appeals in a single action, for the reasons stated we are constrained to hold that appellants have the right of review of that portion of the judgment granting a permanent injunction.

As to the judgment appealed from, the motion to dismiss

is denied; as to the order appealed from, the motion to dismiss is granted.

White, P. J., and Fourt, J., concurred.

A petition for a rehearing was denied August 14, 1959, and appellants' petition for a hearing by the Supreme Court was denied September 16, 1959. White, J., did not participate therein.