[No. C046524. Third Dist. Apr. 4, 2005.]

CONCERNED CITIZENS COALITION OF STOCKTON et al., Plaintiffs and Appellants, v.
CITY OF STOCKTON et al., Defendants and Appellants.
OMI/THAMES WATER STOCKTON, Real Party in Interest and Appellant.

## COUNSEL

Shute, Mihaly & Weinberger, Rachel B. Hooper, Brian J. Johnson, Amy J. Bricker and Daniel P. Selmi for Plaintiffs and Appellants.

Bill Lockyer, Attorney General, Tom Greene, Chief Assistant Attorney General, Craig C. Thompson and Susan L. Durbin, Deputy Attorneys General, as Amicus Curiae on behalf of Plaintiffs and Appellants.

Stoel Rives, John Briscoe, Roderick W. Walston, Lawrence S. Bazel and Gregory C. Gatto for Defendants and Appellants.

Allen Matkins Leck Gamble & Mallory, James L. Meeder, Timothy A. Dolan and Emily L. Kennedy for Real Party in Interest and Appellant.

## OPINION

**ROBIE, J.**—Is an order under Code of Civil Procedure[1] section 662 vacating a judgment and reopening the case for further proceedings appealable? We conclude it is not. Accordingly, this appeal (and the related protective cross-appeal) must be dismissed. Further, we decline to exercise our discretion to treat this appeal from a nonappealable order as a petition for an extraordinary writ.

### FACTUAL AND PROCEDURAL BACKGROUND

In February 2003, the City of Stockton, acting through its city council, approved a contract with OMI/Thames Water Stockton, Inc. (OMI/Thames) to "privatize" the operation and maintenance of the city's wastewater, water, and

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

stormwater utilities.[2] The city determined its approval of the contract was categorically exempt from review under the California Environmental Quality Act (CEQA) (Pub. Res. Code, § 21000 et seq.) and approved a notice of exemption.

In March 2003, plaintiffs[3] commenced this proceeding by filing a petition for writ of mandate in the superior court challenging the city's approval of the contract.

In October 2003, the trial court ruled the city had abused its discretion in determining the approval of the contract was exempt from CEQA review. The court entered a judgment granting the petition for writ of mandate, and the clerk issued a peremptory writ shortly thereafter. Plaintiffs served notice of entry of judgment on January 14, 2004.

Defendants moved for a new trial on the grounds the evidence was insufficient to justify the decision, the decision was against the law, and there was an error in law. The trial court had until March 15, 2004, (a Monday) to rule on the motion.[4]

The new trial motion was heard on March 3, 2004. At the hearing, the court mentioned it had been looking at out-of-state authorities dealing with the privatization of public utilities. The court then stated it wanted to take the matter under submission. At the suggestion of the city's attorney, the court allowed the parties to file letter briefs by Friday, March 12, to address any pertinent out-of-state authorities.

In their letter brief, filed on March 12, defendants called the court's attention to a California statute—Government Code section 5956.6, subdivision (b)(1) (section 5956.6(b)(1))—that had "escaped notice in earlier

---

[2] We will refer to the City of Stockton and its city council jointly as the city. For ease of reference, when necessary we will refer to the city and real party in interest OMI/Thames jointly as defendants.

[3] The plaintiffs here are three groups: Concerned Citizens Coalition of Stockton, League of Women Voters of San Joaquin County, and Sierra Club. We will refer to them collectively as plaintiffs.

[4] Section 660 provides that "[e]xcept as otherwise provided in Section 12a of this code, the power of the court to rule on a motion for a new trial shall expire . . . 60 days from and after service on the moving party by any party of written notice of the entry of the judgment." The 60th day from January 14, 2004 was March 14, 2004. However, March 14 was a Sunday, and when the last day for ruling on a motion for new trial falls on a Sunday, the 60-day period is extended to the next day. (See § 12a; *Drvol v. Bant* (1960) 183 Cal.App.2d 351, 358 [7 Cal.Rptr. 1].)

briefing."[5] Defendants asserted that "[w]hile this statute may or may not directly apply to the Contract here, it provides clear direction" that the city acted properly. Defendants urged the trial court to grant their new trial motion or, in the alternative, deny the new trial motion and grant alternative relief under section 662, which permits the court to "change or add to the statement of decision, modify the judgment, in whole or in part, vacate the judgment, in whole or in part, . . . or, in lieu of granting a new trial, . . . vacate and set aside the statement of decision and judgment and reopen the case for further proceedings." (§ 662.)

In a letter filed with the court on March 15 objecting to portions of the letter brief from defendants, plaintiffs contended in a footnote that the Government Code section was "far outside the scope of the briefing requested by the Court" and that "even [defendants] appear to recognize that the provision is inapplicable to the Stockton Project." Plaintiffs did not respond to defendants' citation to section 662.

Later that day—which was the last day for the trial court to rule on the new trial motion—the court issued its decision, stating: "Briefing from both parties as directed by the Court having been received and considered on the issue of environmental clearance, and it appearing that the original decision in this matter may have been premised on an error of law not heretofore pointed out by any side in the action, Defendants' motion for new trial is hereby granted." Relying on the Government Code section defendants belatedly brought to the court's attention, the court concluded: "It appears but cannot at this point be presumed that this [statute] may apply directly to the present case. In any event, justice and law require that the matter be reheard with consideration given to the effect, if any, of this newly referenced authority."

The trial court subsequently entered a minute order vacating the judgment and the writ of mandate and placing the matter back on calendar for a trial setting conference. Plaintiffs filed a timely notice of appeal from that order. OMI/Thames filed a protective cross-appeal from the vacated judgment, and

---

[5] Government Code section 5956 et seq. authorizes local governmental agencies to enter into agreements with private entities for the design, construction, or reconstruction of certain fee-producing infrastructure projects. The agencies may also lease the projects—which can include "[d]rainage," "[w]ater supply, treatment, and distribution," "[p]urification of water," and "[s]ewage treatment, disposal, and water recycling"—to private entities. (Gov. Code, § 5956.4, subds. (b), (d), (m), (n).) Government Code section 5956.6(b)(1) provides that any such agreement must include a provision ensuring compliance with CEQA, but "[n]either the act of selecting a proposed project or a private entity, nor the execution of an agreement with a private entity, shall require prior compliance with [CEQA]." Instead, "appropriate compliance with [CEQA] shall thereafter occur before project development commences." (*Ibid.*)

the city filed a protective cross-appeal from the vacated writ of mandate (which we construe as a cross-appeal from the judgment).[6]

## DISCUSSION

To determine whether the order at issue here is appealable, we must first determine the true nature of that order. In its ruling underlying the order, the trial court stated it was "grant[ing]" defendants' motion for new trial. An order granting a new trial is appealable. (§ 904.1, subd. (a)(4).) Thus, at first glance it appears plaintiffs have appealed from an appealable order.

"The true measure of an order, however, is not an isolated phrase appearing therein, but its effect when considered as a whole. [Citations.] In construing orders they must always be considered in their entirety, and the same rules of interpretation will apply in ascertaining the meaning of a court's order as in ascertaining the meaning of any other writing. If the language of the order be in any degree uncertain, then reference may be had to the circumstances surrounding, and the court's intention in the making of the same." (*Roraback v. Roraback* (1940) 38 Cal.App.2d 592, 596 [101 P.2d 772].)

Here, defendants contend the order at issue "may properly be deemed a Section 662 order gra[n]ting alternative relief." Section 662 provides: "In ruling on [a new trial] motion, in a cause tried without a jury, the court may, on such terms as may be just, change or add to the statement of decision, modify the judgment, in whole or in part, vacate the judgment, in whole or in part, and grant a new trial on all or part of the issues, or, in lieu of granting a new trial, may vacate and set aside the statement of decision and judgment and reopen the case for further proceedings and the introduction of additional evidence with the same effect as if the case had been reopened after the submission thereof and before a decision had been filed or judgment rendered. Any judgment thereafter entered shall be subject to the provisions of sections 657 and 659."

By its terms, section 662 gives the trial court discretion, in ruling on a new trial motion in a nonjury case, to vacate the judgment and reopen the case for further proceedings. "[R]eopening of the case for further proceedings under section 662 is 'in lieu of granting a new trial' and therefore an alternate procedure available to the trial court. '[P]roper practice is to deny the motion for new trial and, in conjunction with such ruling, to grant the alternative

---

[6] During the pendency of the appeal and cross-appeal, plaintiffs and defendants both filed requests for judicial notice on which we deferred ruling. Because those requests do not relate to the appealability issue we find dispositive, we deny them as moot.

relief provided in such section.' " (*Howard A. Deason & Co. v. Costa Tierra Ltd.* (1969) 2 Cal.App.3d 742, 759 [83 Cal.Rptr. 105].)

■ If the trial court was, in substance, granting alternative relief under section 662 rather than a new trial, then the trial court's order cannot be deemed an order granting a new trial, but instead must be deemed an order *denying* a new trial. Such orders are not directly appealable. (*Zavala v. Arce* (1997) 58 Cal.App.4th 915, 924, fn. 7 [68 Cal.Rptr.2d 571].)

■ Plaintiffs argue the trial court's order should be "taken on its own terms as granting a new trial." In many cases, however, California appellate courts have construed orders that purported to grant new trials as orders granting alternative relief under section 662. (See 8 Witkin, Cal. Procedure (4th ed. 1997) Attack on Judgment in Trial Court, § 109, p. 614.) For example, in *Bureau of Welfare v. Drapeau* (1937) 21 Cal.App.2d 138 [68 P.2d 998], the trial court issued an order that granted a new trial motion in part, then amended the findings of fact and conclusions of law and the judgment. (*Id.* at p. 140.) On appeal, the appellate court concluded "[t]he trial court was obviously seeking to exercise the powers granted to it under section 662." (*Id.* at p. 148.) According to the appellate court, "Reading the order as a whole and particularly in the light of the memorandum which was referred to therein, it is entirely apparent that the trial court did not intend thereby to grant a new trial 'in general terms' or to grant a new trial as to any issue in the sense of granting a 'reexamination of an issue of fact' [§ 656], as though no trial had been previously had." (*Id.* at p. 150.) Instead, "the trial court merely intended to grant the alternative relief under said section 662 in ruling upon the motion for new trial." (*Ibid.*)

The same conclusion follows here. Reading the trial court's minute order and the decision on motion for new trial underlying that order, it is apparent the trial court did not intend to "grant a new trial as to any issue in the sense of granting a 'reexamination of an issue of fact' [§ 656], as though no trial had been previously had." (*Bureau of Welfare v. Drapeau, supra*, 21 Cal.App.2d at p. 150.) Instead, what the trial court intended to do was reopen the case to determine the effect on the case, if any, of Government Code section 5956.6(b)(1).

Plaintiffs contend we should not construe the trial court's order as one granting alternative relief under section 662 because defendants mentioned that statute in their final letter brief and "the trial court rejected [their] invitation to 'reopen' proceedings pursuant to Section 662."

It is true defendants informed the trial court in their letter brief of the availability of section 662 as an alternative to granting a new trial. It is also

true the court did not mention section 662 in its ruling and instead stated that defendants' new trial motion was "granted." These factors, however, do not compel us to treat the trial court's order as an order granting a new trial, rather than an order granting alternative relief under section 662, for one simple reason. As we have noted, it is apparent from the court's order that the court's intent was to reopen the case to determine the effect on the case, if any, of Government Code section 5956.6(b)(1)—nothing more, nothing less. This the trial court could accomplish *only* by denying the new trial motion and granting alternative relief under section 662.

■ "A motion for new trial is a creature of statute; accordingly, if the trial court grants such relief without conforming to the statutory procedures, the order will be void as in excess of jurisdiction." (*Neal v. Montgomery Elevator Co.* (1992) 7 Cal.App.4th 1194, 1198 [9 Cal.Rptr.2d 497].) "Where the Legislature has provided, as it has in this state, the specific instances in which a new trial may be granted, the trial court is without power to grant it in other instances no matter how appealing the claim therefor may be." (*Mann v. Superior Court* (1942) 53 Cal.App.2d 272, 284 [127 P.2d 970].)

■ Section 657 sets forth the grounds on which a court may grant a new trial; one of those grounds is an "[e]rror in law, occurring at the trial." As plaintiffs acknowledge, however, "[t]he trial court here did not conclude that an error in law existed . . . . The court never got that far. Instead, . . . the court declared that the Judgment '*may have been premised on an error of law* not heretofore pointed out by any side in the action . . . .' " According to plaintiffs, "by granting a new trial on the grounds of *possible* error, the trial court . . . violated its statutory authority to grant new trials." (Italics added.)

There is no more persuasive argument than this for why the court's order must be construed as one granting alternative relief under section 662. While one of the statutory grounds for a new trial must exist for the trial court to grant a new trial motion, such a ground does not have to exist for the court to grant alternative relief under section 662. (See *LaBorne v. Mulvany* (1974) 43 Cal.App.3d 905, 917 [119 Cal.Rptr. 596].) Thus, it is only under section 662 that the trial court could have reopened the case for further proceedings based on a *possible* error of law.

■ Because we construe the trial court's order as an order denying defendants' motion for new trial and granting alternative relief under section 662, what remains is whether that order is appealable. As we have noted already, an order denying a new trial motion is not directly appealable. (*Zavala v. Arce, supra,* 58 Cal.App.4th at p. 924, fn. 7.) The reason behind this rule, however, does not clearly apply to an order under section 662 denying a new trial, vacating the judgment, and reopening the case for further

proceedings. An order denying a new trial motion is not appealable because "[t]he moving party is also the losing party in the trial, and his remedy is an appeal from the judgment, in which appeal the ruling denying a new trial may be reviewed." (8 Witkin, Cal. Procedure, *supra*, § 145, p. 647, italics omitted.) Here, however, the denial of the new trial motion did not leave the underlying judgment in place, ripe for appeal. Instead, the denial of the new trial was accompanied by the vacating of the judgment, leaving plaintiffs no immediate appellate remedy.

■ Generally, a direct appeal may be taken from an order vacating a final judgment. (See § 904.1, subd. (a)(2); Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2004) ¶ 2:166, pp. 2-90 to 2-91.) Arguably, the order at issue here could be appealable on that basis. We conclude, however, that an order under section 662 reopening a case for further proceedings is more properly treated as a nonappealable order denying a motion for new trial, rather than an appealable order vacating a final judgment.

In *Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644 [25 Cal.Rptr.2d 109, 863 P.2d 179], our Supreme Court explained that a postjudgment order is not appealable under subdivision (a)(2) of section 904.1 if, "although following an earlier judgment, [the order is] more accurately understood as being preliminary to a later judgment, at which time [it] will become ripe for appeal." (*Lakin,* at p. 652.) Such is the case here. In vacating the judgment and reopening the case for further proceedings, the trial court did not determine whether Government Code section 5956.6(b)(1) applies to this case. Instead, the court merely determined the statute *might* apply. Obviously, the court's order vacating the judgment was preliminary to further proceedings to determine the applicability of the statute and likely would have been followed either by the reinstatement of the original judgment (if the court determined the statute did not apply) or the entry of a new judgment (if the court determined the statute did apply). The party dissatisfied by the court's decision on the applicability of the statute would then be able to obtain appellate review of that decision by appealing from the reinstated judgment or the new judgment.

■ More importantly, section 662 expressly provides that when the trial court vacates a judgment and reopens the case for further proceedings in lieu of granting a new trial, that order has "the same effect as if the case had been reopened after the submission thereof and before a decision had been filed or judgment rendered." A *pre*judgment order reopening a case is certainly not appealable. (See § 904.1.) Thus, to give full effect to section 662, we must conclude that a *post*judgment order under section 662 vacating a judgment and reopening the case for further proceedings is likewise not appealable.

(See *Western Electroplating Co. v. Henness* (1959) 172 Cal.App.2d 278 [341 P.2d 718] [granting motion to dismiss appeal from order under section 662 reopening case for further proceedings on issue of damages].)

In their brief, plaintiffs contend that even if we treat the trial court's order as an order to reopen the case for further proceedings under section 662, and even if such orders are generally not appealable, the order in this case is nonetheless appealable as "an order . . . dissolving an injunction." (§ 904.1, subd. (a)(6), hereafter section 904.1(a)(6).)[7] They point out that the judgment the trial court vacated when it reopened the case for further proceedings included a provision enjoining defendants "from any and all activities to further implement or to further approve the Project, except as necessary" for certain, limited purposes. Thus, according to plaintiffs, the trial court's order vacating the judgment and reopening the case for further proceedings "had the effect of dissolving that injunction, and [is] therefore appealable."

We disagree that the order at issue here is appealable under section 904.1(a)(6). In *Art Movers, Inc. v. Ni West, Inc.* (1992) 3 Cal.App.4th 640 [4 Cal.Rptr.2d 689], the court addressed at length the proper application of that statute (then, subdivision (f) of section 904.1). The court explained that the statute "provide[s] a remedy by appeal for the grant or denial of a pendente lite injunction which is to continue in force during the pendency of the litigation and until final determination of the action." (*Art Movers*, at p. 646.) According to the court: "An interpretation of . . . section 904.1[(a)(6)] which limits its applicability to pendente lite injunctions is consistent with the manifest differences between pendente lite and permanent injunctions. Immediate appeal is necessary to review orders granting or denying pendente lite injunctions, because such orders cannot be reviewed on an appeal from the final judgment. If the orders are not reviewed pendente lite, the issues become moot upon entry of final judgment and plaintiff may suffer substantial and irreparable harm, unredressable by appellate review. A plaintiff denied permanent injunctive relief, on the other hand, suffers no immediate harm, and the denial of injunctive relief may be more easily reviewed in conjunction with the final judgment." (*Id.* at pp. 646–647.)

The *Art Movers* court went on to discuss "[a] number of cases [that] have specifically limited the applicability of . . . section 904.1[(a)(6)] to pendente lite injunctions and have refused to find interlocutory orders denying permanent injunctions to be appealable, except from a final judgment." (*Art Movers, Inc. v. Ni West, Inc., supra*, 3 Cal.App.4th at p. 647.) The court noted that "[o]ther cases purporting to allow appeals from interlocutory denials of permanent injunctions have usually done so in connection with some other

---

[7] That statute provides that an appeal may be taken "[f]rom an order granting or dissolving an injunction, or refusing to grant or dissolve an injunction." (§ 904.1(a)(6).)

basis for appeal." (*Id.* at p. 649.) In concluding that an interlocutory order dismissing a cause of action for permanent injunctive relief was not appealable under section 904.1(a)(6), the court observed that its conclusion was "consistent with the ostensible purpose of [the statute], that is, to provide immediate appellate review of orders granting or denying pendente lite injunctions. It is also consistent with the general appellate policy to avoid piecemeal review of litigation." (*Art Movers*, at p. 649.)

Even if the order plaintiffs seek to appeal here could be characterized as an order "dissolving" an injunction, that order was plainly an interlocutory order that "dissolved" a permanent injunction contained in a final judgment. The order was interlocutory because it reopened the case for further proceedings to determine the impact, if any, of Government Code section 5956.6(b)(1). We do not believe the Legislature intended section 904.1(a)(6) to permit an appeal from this type of interlocutory order. By granting the trial court power to reopen a case under section 662, the Legislature plainly intended to allow the court to return the case to the posture in which it stood "after the submission thereof and before a decision had been filed or judgment rendered." (§ 662.) It does not make sense the Legislature would have intended such an order to be nonappealable (as we have previously concluded), *except* when the judgment that was vacated to reopen the case contains a permanent injunction. For this reason, we conclude an order vacating a judgment and reopening the case for further proceedings under section 662 is not appealable, even if the order has the effect of dissolving a permanent injunction contained in the vacated judgment.

As a last point, plaintiffs ask us to exercise our discretion to deem their appeal a petition for an extraordinary writ. "Under unusual circumstances, we may decide to treat an improper appeal as a petition for an extraordinary writ." (*Rogers v. Municipal Court* (1988) 197 Cal.App.3d 1314, 1317 [243 Cal.Rptr. 530].) They contend it would be appropriate for us to do so here because: (1) "the record and briefs contain all the elements necessary to a proceeding for writ of mandate"; (2) "the case is fully briefed, and no party has ever objected to the Court's jurisdiction";[8] (3) "the question of appealability 'was far from clear in advance' "; and (4) "this appeal raises questions of law based upon an administrative record that has long been closed."

There is one significant factor bearing on whether we should exercise our discretion to treat this appeal as a writ petition that plaintiffs do not

---

[8] It is true we raised the appealability issue sua sponte following the completion of briefing. In a supplemental letter brief we solicited, however, defendants now assert that if the trial court's order is deemed an order for alternative relief under section 662, "this Court is without jurisdiction to proceed further, and the . . . appeal should be dismissed forthwith."

mention—the nature of the order of which they seek review. As we have made abundantly clear, that order is, in substance, an order under section 662 reopening the case to determine the impact, *if any*, of Government Code section 5956.6(b)(1). The court made this order based on its determination that its original decision *"may have been* premised on an error of law not heretofore pointed out by any side in the action." (Italics added.)

The trial court had discretion to reopen the case for further proceedings under section 662. (See *Gardner v. Rich Mfg. Co.* (1945) 68 Cal.App.2d 725, 738–739 [158 P.2d 23].) Thus, the issue before us on review would be whether the trial court abused its discretion in determining it had *possibly* made an error. In addressing that issue, plaintiffs would have us answer the question of whether Government Code section 5956.6(b)(1) applies to this case. But that question is one the trial court has not yet addressed. Because of plaintiffs' appeal, the trial court got no further than deciding the statute *might* apply. In essence, plaintiffs would like us to treat their appeal as a writ petition so that we can decide, in the first instance, a question of law the trial court was prevented from deciding by plaintiffs' appeal from the nonappealable order that would have reopened the case so the trial court could decide that question.

 "[I]n the absence of compelling analogous case law or persuasive language in the statutes, the rule should be adopted which best serves the efficient and proper administration of the courts." (*United Professional Planning, Inc. v. Superior Court* (1970) 9 Cal.App.3d 377, 385 [88 Cal.Rptr. 551].) When a trial court has decided to reopen a case under section 662 to determine a previously undetermined issue of law, we believe the efficient and proper administration of the courts is best served by allowing the trial court to make that determination without unnecessary interference from the appellate courts.

Once the trial court has decided whether Government Code section 5956.6(b)(1) applies to this case, in all likelihood it will either: (1) enter a new judgment denying plaintiffs' writ petition because the statute applies; or (2) reinstate the former judgment granting plaintiffs' writ petition because the statute does not apply. In either case, there will be a final judgment from which the aggrieved side can appeal, and that appeal will present the question of whether the trial court erred in applying or not applying the statute. Until that time, the issue of whether Government Code section 5956.6(b)(1) applies to this case is not ripe for appellate review because the trial court has made no determination on that issue one way or another. The issue presented by the case in its present posture—whether the trial court abused its discretion in determining Government Code section 5956.6(b)(1) *might* apply and in reopening the case to determine whether it actually *does*—is not the sort of

question that "cries out for immediate appellate review." (*Art Movers, Inc. v. Ni West, Inc., supra*, 3 Cal.App.4th at p. 651.) Accordingly, we decline to treat plaintiffs' appeal as a petition for an extraordinary writ.

## DISPOSITION

The appeal and cross-appeal are dismissed. Each side shall bear its own costs on appeal. (Cal. Rules of Court, rule 27(a).)

Morrison, Acting P. J., and Hull, J., concurred.