[Civ. No. 567.   Fifth Dist.   Sept. 28, 1966.]

JAMES TUCK, Plaintiff and Appellant, v. FRANK TUCK, Defendant and Appellant.

Doty, Quinlan & Kershaw and Paul K. Doty for Plaintiff and Appellant.

Ralph Robinson for Defendant and Appellant.

McMURRAY, J. pro tem.*—Plaintiff filed a complaint for dissolution of a partnership and for accounting. After the defendant had answered, generally denying plaintiff's allegations, the matter was heard by the court sitting without a jury. On January 17, 1964, the trial court ruled in favor of the plaintiff and on January 22, 1964, filed a memorandum re decision. Findings of fact and conclusions of law were filed; judgment was filed and entered; and, plaintiff filed and mailed to defendant's counsel a notice of entry of judgment all on February 21, 1964. On March 4, 1964, defendant filed a notice of motion to vacate and set aside the judgment and to grant a new trial. On May 1, 1964, after a hearing, an order was entered denying the motion for a new trial, but vacating and changing the findings and judgment entered on February 21, pursuant to Code of Civil Procedure section 662. Plaintiff's attorney was ordered to file amended findings and a modified judgment which, when signed and filed, would supersede the previous judgment. On September 17, 1964, plaintiff not having filed the above amended findings and modified judgment, the court gave notice that failure to do so before September 29, 1964, would require the court to do so. On October 19, 1964, plaintiff moved to set aside the order of May 1, 1964, modifying and amending the February 21 judgment. On November 4, 1964, defendant filed a notice of motion under Code of Civil Procedure section 473 to correct the February judgment. On December 31, 1964, the court denied the plain-

---

*Assigned by the Chairman of the Judicial Council.

tiff's motion to vacate the May 1 order directing the amended findings and judgment under Code of Civil Procedure section 662; prepared amended findings of fact and conclusions of law; and entered an amended judgment for plaintiff. Defendant on January 27, 1965, having substituted new counsel, filed a notice of appeal from the amended judgment of December 31, 1964. On February 1, 1965, plaintiff filed a notice of appeal from the amended judgment entered on December 31, 1964, and from the court's order denying his motion to vacate the order directing amended findings and judgment. Both parties having appealed, they will be referred to as plaintiff and defendant throughout this opinion.

The main questions here presented are whether or not the trial court had jurisdiction to entertain the motion for a new trial and whether or not the court exercised its power within the time required. Plaintiff argues that the trial court lost jurisdiction to grant a modification under Code of Civil Procedure section 662 on either of two grounds: first, that the notice of motion was late and, second, that the court failed to act within the statutory time. The plaintiff also asserts that the December 31, 1964, judgment is void and that the court should have granted his motion to vacate the May 1, 1964, order modifying the original judgment.

That a void judgment is appealable is established by *Phelan* v. *Superior Court*, 35 Cal.2d 363, 369-370 [217 P.2d 951]; *Estate of Hewitt*, 160 Cal.App.2d 584, 588 [325 P.2d 113], as is the order denying plaintiff's motion to vacate since it is based on grounds other than those reviewable under the original judgment. (*Spellens* v. *Spellens*, 49 Cal.2d 210, 228-229 [317 P.2d 613]; *Daley* v. *County of Butte*, 227 Cal.App.2d 380, 389 [38 Cal.Rptr. 693].)

Plaintiff's first argument attacks the notice of entry of judgment on the ground that the 10-day period in which defendant had to file his notice of intention to move for a new trial expired on March 3, 1964, and the court had no jurisdiction to grant relief, relying upon *Huber Tool Works, Inc.* v. *Marchant Calculators, Inc.*, 204 Cal.App.2d 822, 827-828 [23 Cal.Rptr. 10]; *Tabor* v. *Superior Court*, 28 Cal.2d 505, 508 [170 P.2d 667]; *Fritz* v. *Foote*, 162 Cal.App.2d 622 [328 P.2d 522]; and 3 Witkin, California Procedure (1954) section 26, page 2075. Plaintiff computes the 10-day time limit to fall on March 3, 1964, by excluding the first day and including the last, in accordance with the provisions of Code of Civil Procedure section 12, and it thus appears that the time for the

expiration of the 10-day period was March 3, 1964, since 1964 was a leap year. ▓ Defendant's notice was, therefore, not timely filed, even allowing the extension of one day accorded by Code of Civil Procedure section 1013,[1] since the notice was mailed from and to an address in Fresno, California.

▓ The plaintiff's second argument is that, even assuming that the motion for a new trial was timely filed, the court nevertheless failed to act within the statutory time set forth within Code of Civil Procedure section 660, which provides in pertinent part: ". . . the power of the court to pass on motion for a new trial shall expire sixty (60) days from and after service on the moving party of written notice of the entry of the judgment, . . . If such motion is not determined within said period of sixty (60) days, or within said period as thus extended, the effect shall be a denial of the motion without further order of the court."

By failing to act within the 60-day time limitation, a court loses jurisdiction to take any further action and any purported action by the trial court thereafter is void. (See *Jordan* v. *Warnke,* 205 Cal.App.2d 621, 632 [23 Cal.Rptr. 300], and the cases therein cited.) This rule also applies to the Code of Civil Procedure section 662. (See *Avery* v. *Associated Seed Growers, Inc.,* 211 Cal.App.2d 613, 632 [27 Cal.Rptr. 625]; *Fong Chuck* v. *Chin Po Foon,* 29 Cal.2d 552, 554 [176 P.2d 705].) The 60-day period within which the trial court could act in this matter expired on April 22, 1964. Nine days later on May 1, 1964, the court purported to amend the judgment under Code of Civil Procedure section 662, but this action was void. (*Jordan* v. *Warnke, supra,* 205 Cal.App.2d 621, 632.)

▓ The amended judgment of December 31, 1964, must therefore be reversed as the court had lost its authority to deal with the matter purportedly covered therein. The original judgment is, therefore, restored to efficacy. (*Akley* v. *Bassett,* 189 Cal. 625, 649 [209 P. 576]; *Dahlberg* v. *Girsch,* 157 Cal. 324, 332-333 [107 P. 616].) The appeal from the order denying plaintiff's motion to vacate the order granting the relief under Code of Civil Procedure section 662 need not, therefore, be

---

[1]Section 1013 provides in pertinent part that service by mail ". . . is complete at the time of deposit, but if, within a given number of days after such service, a right may be exercised, or an act is to be done by the adverse party, the time within which such right may be exercised or act be done, is extended one day, together with one day additional for every full 100 miles distance between the place of deposit and the place of address, if served by different post offices, but such extension shall not exceed thirty days in all."

decided. (See 3 Witkin, Cal. Procedure (1954) Appeal, § 75, pp. 2232-2234.)

The defendant apparently agrees with this conclusion since in his opening brief it is stated: ''With reference to the Plaintiff's appeal from the Court's amendment of his findings of fact and conclusions of law, we have spent a number of hours on this matter and cannot find any defense from that appeal.

''Therefore, if the amended findings of fact and conclusions of law and judgment fail by reason of the failure of the Defendant's attorney to file his motion for a new trial on time and also the trial Court's failure to make its ruling on time, it would follow that the findings of fact and conclusions of law originally made by the judge will have to stand.''

Although having recognized the validity of plaintiff's position on this point, defendant argues that the evidence is insufficient to justify the court's amended judgment, findings of fact, and conclusions of law. These arguments must be ignored. The plaintiff also seeks to argue the sufficiency of the evidence to support the amended judgment, but this argument also must be ignored. ■ Defendant in his closing brief argues the sufficiency of the evidence to support the original judgment. This argument is without standing at this time since the defendant did not appeal within the 30 days set forth for such appeal in rule 3(a), California Rules of Court, and that judgment, therefore, is final and is not here subject to review. (See *Millsap* v. *Hooper*, 34 Cal.2d 192 [208 P.2d 982]; *Bulpitt* v. *Blatz*, 86 Cal.App.2d 41 [194 P.2d 601].)

The judgment of December 31, 1964, is reversed, plaintiff to recover his costs.

Conley, P. J., and Stone, J., concurred.