[Civ. No. 1153. Fifth Dist. Aug. 3, 1970.]

FRANK TUCK, Plaintiff and Appellant, v.
JAMES M. THUESEN, Defendant and Respondent.

## Counsel

Tarbox & Jue and Joseph G. Jue for Plaintiff and Appellant.

Stammer, McKnight, Barnum, Bailey & Barnett and Galen McKnight for Defendant and Respondent.

## Opinion

**GINSBURG, J.**[*]—This is an appeal from a judgment entered pursuant to an order sustaining a demurrer to appellant's first amended complaint without leave to amend. The complaint sought to state a cause of action for legal malpractice; the court held the cause was barred by the two-year statute of limitations. (Code Civ. Proc., § 339, subd. 1.)

The respondent, an attorney, represented the appellant in an action for partnership dissolution and an accounting (Fresno County Superior Court action No. 107110). An adverse judgment was rendered on February 21, 1964. Respondent thereupon assured appellant that he would make a motion for a new trial and, if denied, he would then file a notice of appeal. Respondent failed to file a notice of motion for new trial until after the time therefor had expired under the provisions of Code of Civil Procedure section 659. Likewise, he failed to file a notice of appeal within the time limited by California Rules of Court.

After the time within which it could act expired, the trial court nonetheless denied of record the untimely motion for new trial and ordered a new judgment pursuant to Code of Civil Procedure section 662. Notice of appeal was filed on behalf of appellant, and shortly thereafter, on February 1, 1965, appellant substituted another attorney of record in the place and stead of respondent. On September 28, 1966, the modified judgment of the superior court was vacated and set aside, and the original judgment reinstated by the Court of Appeal in the case of *Tuck* v. *Tuck*, 245 Cal.App. 2d 260 [53 Cal.Rptr. 872]. The Court of Appeal based its decision upon the ground that the superior court lacked jurisdiction to modify its judgment, the motion for a new trial not having been timely filed.

[*]Assigned by the Chairman of the Judicial Council.

This malpractice action was thereafter commenced on September 20, 1967. Appellant filed an amended complaint on July 1, 1968, and a demurrer was filed to this complaint on July 23, 1968. Appellant moved to strike respondent's demurrer. The motion to strike was denied and the demurrer was sustained without leave to amend.

Three principal specifications of error are made on this appeal. They are as follows:

(1) Appellant's motion to strike respondent's demurrer should have been granted; (2) the court acted in excess of its jurisdiction in sustaining defendant's demurrer without leave to amend; and (3) the court failed to take judicial notice of another pending Fresno County Superior Court action. These contentions will be discussed in order.

## (I)

Appellant first contends that the trial court acted in excess of its jurisdiction in overruling his motion to strike respondent's demurrer. A demurrer to appellant's original complaint was filed. Thereafter, appellant filed and served on respondent an amended complaint. More than 10 days later, after the expiration of the time limitation of Code of Civil Procedure section 432,[1] respondent filed a demurrer to the amended complaint. Appellant filed a timely motion to strike the demurrer, and the court denied the motion.

Prior to the filing of respondent's demurrer to the amended complaint, appellant had not taken any steps to have judgment by default entered under Code of Civil Procedure section 432, nor did he endeavor to show that he was in any way prejudiced by the delay.

■ There is no absolute right to have a pleading stricken for lack of timeliness in filing where no question of jurisdiction is involved, and where, as here, the late filing was a mere irregularity (*Bowers* v. *Dickerson,* 18 Cal. 420); the granting or denial of the motion is a matter which lies within the discretion of the court. (*Buck* v. *Morrossis,* 114 Cal.App.2d 461, 464-465 [250 P.2d 270].) There is nothing in the record to indicate that the trial court abused its discretion in denying the motion, particularly in view of the nature of the issue raised by the demurrer. The decision denying the motion will not, therefore, be disturbed.

---

[1]Code of Civil Procedure section 432 provides: "If the complaint is amended, a copy of the amendments must be filed, or the court may, in its discretion, require the complaint as amended to be filed, and a copy of the amendments or amended complaint must be served upon the defendants affected thereby. The defendant must answer the amendments, or the complaint as amended, within ten days after service thereof, or such other time as the court may direct, and judgment by default may be entered upon failure to answer, as in other cases."

## (II)

The principal point raised by appellant herein is that the trial court acted in excess of its jurisdiction in sustaining the demurrer without leave to amend. The court below found that the two-year statute of limitations contained in Code of Civil Procedure section 339, subdivision 1, was a bar to the action, and that it so appeared on the face of the complaint and demurrer. ■■■ Appellant contends that the appeal taken from the judgment in *Tuck* v. *Tuck, supra,* 245 Cal.App.2d 260, tolled the statute of limitations; that the statute did not commence to run by reason of the fact that a cause of action did not accrue until September 28, 1968, the date of the final judgment on appeal. Respondent contends that the statute began to run on April 22, 1964, the day after all rights to move for a new trial and take an appeal expired.

The case of *DeGarmo* v. *Luther T. Mayo, Inc.,* 4 Cal.App.2d 604 [41 P.2d 366], presents a similar fact situation. There the appellants contended that in a suit wherein the respondent had represented them as their attorney he had negligently caused judgment to be entered in an amount less than that to which they were entitled. The court held that the action accrued and the statute started to run on the date the alleged negligent act occurred, even though a motion for new trial was later made and an appeal taken. The court said at page 606: "The Supreme Court of the United States considered this question over a century ago in *Wilcox* v. *Executors of Plummer,* 29 U.S. (4 Pet.) 172 [7 L.Ed. 821], and said: 'The ground of action here is a contract to act diligently and skillfully and both the contract and the breach of it admit of a definite assignment of date. When might this action have been instituted? is the question, for from that time the statute (of limitations) must run. When the attorney was chargeable with negligence or unskillfulness his contract was violated, and the action might have been sustained immediately. Perhaps, in that event, no more than nominal damages may be proved and no more recovered; but on the other hand it is perfectly clear that the proof of actual damage may extend to facts that occur and grow out of the injury, even up to the date of the verdict. If so, it is clear that the damage is not the cause of action.'

" 'Under section 339 of the Code of Civil Procedure a cause of action against an attorney for neglect of duty in the management of an action is barred at the expiration of two years after the neglect occurred. *[Cases cited.]' The conduct of plaintiff in connection with subsequent proceedings relating to motion for new trial and appeal does not affect the limitation imposed by the section cited."* (Italics added.) Numerous cases cited in the opinion, as well as cases decided subsequently, support this viewpoint. (See *Eckert* v. *Schaal,* 251 Cal.App.2d 1 [58 Cal.Rptr. 817]; *Griffith* v.

*Zavlaris,* 215 Cal.App.2d 826 [30 Cal.Rptr. 517].) Under the rule of these cases the statute would thus commence to run in the instant case upon April 22, 1964.

Appellant relies upon the case of *Heyer* v. *Flaig,* 70 Cal.2d 223 [74 Cal.Rptr. 225, 449 P.2d 161], as authority for postponed accrual of the statute of limitations in legal malpractice actions. There the allegation was that the defendant attorney was negligent in failing to fulfill his client's testamentary directions. The action was brought by the intended beneficiaries after the death of the testatrix. The court held that the limitations period did not commence to run until the attorney's negligence became irremediable upon the death of the testatrix. In so holding, the court points out that, until then, there was a continuing duty on the attorney to remedy his error and the rendering of legal services was not completed; that only then did the testatrix' reliance on the attorney's superior knowledge and skill cease. Furthermore, only upon the testatrix' death did the plaintiff, as an intended beneficiary, acquire any rights.[2]

The ground for applying a rule of postponed accrual in *Heyer* are absent in the instant case. ■ *First,* there was no continuing duty on the part of the respondent to correct the error complained of because it was irremediable; the error was jurisdictional (*Tuck* v. *Tuck, supra,* 245 Cal. App.2d 260, 262), and nothing could be done to correct it at any time after it occurred. ■ *Second,* any duty to render further legal services, if such there was, ceased with the substitution of another attorney for respondent in the case in question on February 1, 1965. Respondent attorney's legal services were thereupon completed. ■ *Third,* based upon the record, any reliance by appellant upon respondent's asserted superior knowledge and skill ceased upon the substitution. Appellant presumably

---

[2]The court summed up its reasons for so holding in footnote 7 of the opinion (p. 233), which states, in part, as follows: "We note that the very theories which led to the rule in medical malpractice cases that the statute runs only from the date of discovery of the negligence could be applied to the instant situation: (1) There was a continuing duty on the part of defendant to correct the estate plan to conform in effect to the testatrix' true intentions, and hence a continuing tort up until the time of death giving rise to new causes of action. (2) The rendering of legal services with respect to the testamentary plan might be viewed as incomplete until the testatrix' death, when the will would become effective and when the attorney could no longer correct his original mistake. (3) The fact of defendant's asserted superior knowledge and skill and the testatrix' reliance on the defendant to order her affairs competently and in conformance with her testamentary desires argues strongly that the statute should not run against the testatrix as long as she was unable, with care and diligence, to ascertain the negligence. The judicial rule against postponed accrual of the statute of limitations in legal malpractice actions rests upon a tenuous basis. In any event, in the present case we have found, for the reasons expressed in the text, that, with respect to the intended beneficiaries of a will, the statute of limitations for attorney negligence cannot commence to run before the testatrix' death."

thereafter had independent access to equal knowledge and skill from his substituted counsel and was then able, with care and diligence, to ascertain the negligence.

■ We thus conclude that even were we to apply a rule of postponed accrual in legal malpractice cases, in the instant case the latest date upon which the two-year limitation could reasonably be construed to have begun to run was February 1, 1965, the date upon which appellant obtained new counsel in the case giving rise to the cause of action. This action, commenced upon September 20, 1967, was, therefore, properly held to be barred by the statute of limitations.

(III)

Appellant's final claim of error is that the court below failed to take judicial notice of its own records in that the record does not show whether it considered a certain action 115152, pending in the Superior Court of Fresno County. There is no showing, however, that a request was made in compliance with the requirements of Evidence Code section 453; nor is there anything in the record or arguments of counsel showing the relevancy of such evidence, or how such judicial notice might have affected the decision in this case.

For each of the foregoing reasons, the judgment is affirmed.

Stone, P. J., and Gargano, J., concurred.

On August 24, 1970, the opinion was modified to read as printed above.