[Civ. No. 42799. Second Dist., Div. Five. Nov. 20, 1974.]

VICTORIA M. LABORNE, Plaintiff and Appellant, v.
ISABEL RUBLEE MULVANY, Defendant and Respondent.

**COUNSEL**

Huston T. Carlyle for Plaintiff and Appellant.

Bodkin, Breslin & Luddy, Timothy J. Sargent and J. Thomas McCarthy for Defendant and Respondent.

**OPINION**

**HASTINGS, J.**—Following a nonjury trial, the trial court rendered judgment in favor of Victoria M. LaBorne (LaBorne), plaintiff and appellant. Findings of fact and conclusions of law were signed. The judgment was entered on November 21, 1972. On December 6, 1972, Isabel Rublee Mulvany (Mulvany), defendant and respondent, filed her motion for a new trial. On January 19, 1973, after hearings, the court vacated the judgment and granted a new trial. This is an appeal from that order.

The action was for personal injuries and property damage sustained by LaBorne resulting from a collision between the vehicle that she was driving and a vehicle allegedly owned by Mulvany, but being driven by one Reed, who allegedly was acting as an employee and/or agent of Mulvany at the time of the accident. After oral testimony of witnesses and documentary evidence, the trial court rendered judgment for LaBorne against the driver Reed and against Mulvany in the sum of $26,550, together with costs. One of the findings of fact was: "During all the times mentioned in plaintiff's complaint, defendant GRANT ROBERT REED was driving and operating the motor vehicle . . . as the employee and/or agent of the defendant ISABEL RUBLEE MULVANY, . . . and the defendant REED was further during all the times mentioned in plaintiff's complaint acting within the scope of said employment and/or agency."

On November 21, 1972, the clerk mailed the "Notice of Entry of Judgment" to counsel for all parties of record. On December 6, 1972, Mulvany caused to be served and filed her "Notice of Intention to Move for a New Trial," upon two grounds: (1) excessive damages; and (2) insufficiency of the evidence to justify the judgment. Argument on this motion was heard on January 9, 1973, and the court took it under submission.

A statement by the court, entitled "DECISION RENDERED ON SUBMITTED MATTER," was entered in the permanent minutes of the court. The court order was dated January 19, 1973; however, on a subsequent copy appear-

ing in the clerk's transcript, the order was marked with an entry stamp bearing the date of January 23, 1973. The order states:

"This matter having heretofore been submitted on January 9, 1973, the Court now makes it's [sic] order as follows: The motion for new trial is granted on the grounds of insufficiency of the evidence to sustain the finding of an agency relationship. The Judgment heretofore made and entered is vacated and set aside as to the Defendant Isabel Rublee Mulvaney [sic] only."

■ Appellant first contends that respondent's notice of intention to move for a new trial did not comply with the time limitations for filing such motions as delineated in section 659 of the Code of Civil Procedure.[1] Notice of entry of judgment was mailed to the parties on November 21, 1972, and on December 6, 1972, respondent filed a "Notice of Intention to Move for New Trial." Appellant's contention centers on the construction to be given the phrase "within 15 days of . . ." in section 659, and the method of computation to be utilized as a result of that language to arrive at the final date on which a notice of motion for new trial could be filed. Appellant states that the amendment of section 659 in 1965 to change the words surrounding the time requirement from "within . . . after" to "within . . . of" evinces a legislative intent that the count of 15 days commences with the counting of the date of mailing. The result of this interpretation would be that the fifteenth and final day for filing a motion for new trial would have been December 5; and, due to respondent's failure to file the motion until December 6, the trial court would have lost jurisdiction to order a new trial, and any subsequent order made on the motion therefore would have been void. (*Markaway* v. *Keesling,* 211 Cal.App.2d 607, 610 [27 Cal.Rptr. 583]; *Foley* v. *Foley,* 147 Cal.App.2d 76, 77 [304 P.2d 719].)

Appellant's argument, however, overlooks the application of Code of Civil Procedure section 12 to the procedure mandated by section 659. Section 12 provides the general rule for computing the time within which an act must be done and states: "The time in which any act provided by law is to be done is computed by excluding the first day, and including the last,

---

[1]Section 659 reads in pertinent part: "The party intending to move for a new trial must file with the clerk and serve upon each adverse party a notice of his intention to move for a new trial, . . . 2. *Within 15 days of the date of mailing notice of entry of judgment* by the clerk of the court pursuant to Section 664.5, or service upon him by any party of written notice of entry of judgment, or within 180 days after the entry of judgment, whichever is earliest; provided, that upon the filing of the first notice of intention to move for a new trial by a party, each other party shall have 15 days after the service of such notice upon him to file and serve a notice of intention to move for a new trial. . . ." (Italics added.)

unless the last day is a holiday, and then it is also excluded." As section 12 is the general rule for such computation and as "[t]he gravest considerations of public order and security require that the method of computing time be definite and certain" (*Ley* v. *Dominguez,* 212 Cal. 587, 594 [299 P. 713]), any legislative intent to create an exception to the general rule and to provide for a different method of computation must be *"clearly expressed."* (Italics added.) (*Ley* v. *Dominguez, supra,* at p. 595; *Union Oil Co.* v. *Domengeaux,* 30 Cal.App.2d 266, 272-273 [86 P.2d 127].) Appellant asserts that such an intent is present where the Legislature changed the preposition used following the time requirement from "after" to "of." However, this slight change in the language of the statute does not appear sufficient to be that "clear" expression of intent required by *Ley* and *Union Oil Co., supra,* to create an exception to the general rule and thus to provide an alternative method of computation which is "definite and certain."

Further, in light of the decision reached in *Tuck* v. *Tuck,* 245 Cal.App. 2d 260 [53 Cal.Rptr. 872], it definitely can be seen that more than a shift in prepositions is needed to take section 659 beyond the limits of section 12. In *Tuck,* the court held that section 12 did apply to the time limitations placed on the filing of a notice of intention to move for a new trial. Although the case dealt with facts arising in 1964 and the court necessarily applied a version of section 659 which did not include the 1965 amendment, it is also the rule that "[t]he Legislature is assumed to be aware of existing judicial decisions affecting the subject matter of proposed legislation. (*Kusior* v. *Silver,* 54 Cal.2d 603, 618 [7 Cal.Rptr. 129, 354 P.2d 657].)" (*Alhambra Cons. Mines, Inc.* v. *Alhambra Shumway Mines, Inc.,* 239 Cal.App.2d 590, 596 [49 Cal.Rptr. 38].)[2] For example, the legislature, being aware of the judicial application of Code of Civil Procedure section 1013[3] to section 659 (*Tuck* v. *Tuck, supra*), specifically prohibited the use of the extension of time provisions of section 1013 with respect to the time for filing a motion for new trial by amending section 659 to that effect in 1967. (Stats. 1967, ch. 169, § 1, p. 1266.) Similarly where case law has specifically approved of the computation of the limitation period of section 659 in accordance with the provisions of section 12 (*Tuck* v. *Tuck, supra,* at p. 262), and where the Legislature has not excepted section 659 from the operation of

---

[2]This latter case specifically dealt with section 659, subdivision 2 of the Code of Civil Procedure.

[3]In dealing with service by mail, section 1013 provides in part: ". . . The service is complete at the time of the deposit, but if, within a given number of days after such service, a right may be exercised, or an act is to be done by the adverse party, the time within which such right may be exercised or act be done, is extended two days, together with one day additional for every full 100 miles distance between the place of deposit and the place of address, . . ."

section 12 or has not "clearly" expressed a different method of computation, the method to be adopted is that set forth in section 12.[4] By adopting this general rule of computation, that is, exclusion of the first day and inclusion of the last, December 6, the day on which respondent filed her notice of intention to move for a new trial, marked the 15th day from the date notice of entry of judgment was mailed. As a result, respondent's motion was timely and the trial court retained jurisdiction to render a decision on that motion.

Appellant's second contention is that the trial court failed to comply with section 660 of the Code of Civil Procedure[5] by not determining the motion within 60 days from and after notice of entry of judgment. Appellant contends that the 60-day period in which the judge had to decide the case, commenced on November 21, 1972, the date notice of judgment was mailed, and expired on January 20, 1973, a Saturday; and as section 660 is subject to section 12a of the Code of Civil Procedure,[6] the time for determination of the motion was necessarily extended to Monday, January 22, 1973. Appellant further asserts that the controlling date of determination of the motion for new trial was the date stamped on the order by the deputy clerk, January 23, 1973, one day after the required period, and not the date which the order itself bears: January 19, 1973. If this were the case, the judge would then have had no jurisdiction to grant the order and, as a result, the motion would be denied by operation of law and that result could not be "avoided by the entry of a *nunc pro tunc* order purporting to grant the new trial after the court ha[d] lost jurisdiction." (*Siegal* v. *Superior Court,* 68 Cal.2d 97, 101 [65 Cal.Rptr. 311, 436 P.2d 311]; Code Civ. Proc., § 660.)

---

[4] Although the *Tuck* decision was rendered in 1966, this should not have been a bar to the Legislature's excepting section 659 from the operation of both sections 1013 *and* section 12 when the statute was amended in 1967.

[5] Section 660 provides in part: "Except as otherwise provided in Section 12a of this code, the power of the court to rule on a motion for a new trial shall expire *60 days from and after the mailing of notice of entry of judgment* by the clerk of the court . . . . If such motion is not determined within said period of 60 days, or within said period as thus extended, the effect shall be a denial of the motion without further order of the court. A motion for a new trial is not *determined* within the meaning of this section until an *order ruling on the motion* (1) *is entered in the permanent minutes of the court* or (2) is signed by the judge and filed with the clerk. . . ." (Italics added.)

[6] Section 12a provides in part: "If the last day for the performance of any act provided or required by law to be performed within a specified period of time shall be a holiday, then such period is hereby extended to and including the next day which is not a holiday. The term 'holiday' as used herein shall mean all day on Saturdays, . . . This section applies also to Sections 659, 659a, 946, and 974 through 982 of this code, . . ."

This interpretation, however, cannot survive in light of the judicial rules of construction of section 660's requirement that the order be entered in the "permanent minutes" which were developed subsequent to the decision in *Siegal*. In the present case, the order bearing the date of January 19, 1973, was prepared, dated, and stamped with the notation "ENTERED BOOK PAGE SW No APR 1873 159315"; and subsequently was stamped by the deputy clerk with the additional date of "January 23, 1973." The facts lend themselves to the analysis initiated by *Desherow* v. *Rhodes*, 1 Cal.App.3d 733 [82 Cal.Rptr. 138]. The court in *Desherow* stated at page 739 that the basic issue before that court, in a case which involved a factual situation similar to that in the present case, was to determine "what constitutes entry of an order in the permanent minutes of the court" to satisfy section 660. Where the order is not alternatively signed by the judge and filed with the clerk (Code Civ. Proc., § 660), the court in *Desherow* found at pages 740-741: "It may be seen that entry of an order in the permanent minutes of the court does not refer to any single act of recordation but rather describes the process followed in making minute orders part of the permanent records of the court. . . . Functionally, it is apparent that *stamping a date of entry on a given minute order is a purely mechanical step* in the processing of the order for photo-recordation.

"When we analyze the process of entry of an order in the permanent minutes, we find three elements which appear essential: (1) preparation of a written minute order; (2) recordation of the date and substance of the order in a permanent record; (3) delivery of the order to the custodian of records. . . .

"But certain additional steps take place in the mechanical recordation of an order, including the filing of the order in a temporary minute binder, its *stamping with a date of entry stamp,* and its recordation on microfilm." (Italics added.)

As to these additional steps, the court applied the "substantial compliance" test to determine whether they were so critical to the process of entering an order in the permanent minutes that without them there would be no effective entry. If the movants have taken all steps possible to insure the timely entry of a judge's order and if they were powerless to prevent tardiness attributable solely to a public employee, then there has been substantial compliance. In *Desherow,* the court specifically held at page 745 that as courts are inclined to construe filing requirements liberally and to give statutes reasonable interpretations, where the "sole procedural error arose from the failure of a deputy clerk to stamp an order for a new trial

with the clerk's entry stamp on the day he was instructed to do so by the judge [w]e do not think such a slip nullifies the timely entry of the order in the permanent minutes of the court when the essentials of such entry have otherwise been complied with."[7]

It should further be noted that the *Desherow* decision does not represent an isolated case. The doctrine of "substantial compliance" was also adopted in *Meskell* v. *Culver City Unified School Dist.,* 12 Cal.App.3d 815 [96 Cal. Rptr. 773]. The appellate court, dealing with a memo in the "rough minutes" of the clerk dated April 8, 1969, and an order made by the trial court on April 9, 1969 (within the time limits of section 660), but subsequently stamped "Entered April 11, 1969," stated: "We are of the opinion that under the holding in *Desherow* v. *Rhodes,* 1 Cal.App.3d 733, . . . the foregoing record is sufficient to show that the motion for a new trial was determined on April 9, 1969, when the necessary procedure for the entry of the courtroom minutes onto the permanent minutes *had been properly set in motion.*" (*Meskell* v. *Culver City Unified School Dist., supra,* at p. 819, fn. 1.) (Italics added.)[8]

Although in the present case the court is unaware of any personal commands given by the trial court to the deputy clerk, where the trial judge's order was (1) timely reduced to writing (Jan. 19, 1973); (2) timely recorded in a permanent record; and (3) as evidenced by the notation of entry in a specified book at a definite page, timely delivered to the custodian of records, the essentials for processing an order into the permanent minutes of the court are present and the subsequent stamping of an entry date by the deputy clerk is an additional step not required for the order to substantially comply with the requirements of section 660. As a result, the trial judge's order in the present case was timely where it was entered in the "permanent minutes" on January 19, 1973, 59 days after the mailing of notice of entry of judgment, and was effective in granting the motion for new trial.

█ Appellant contends that the order granting a new trial is void because the trial court inadequately specified the reasons behind its decision when it stated: "The motion for new trial is granted on the grounds of in-

---

[7]The court in *Desherow* further stated at page 745: "Nothing in *Siegal* v. *Superior Court* . . . precludes the use of a rule of substantial compliance to recognize the entry of an order in the permanent minutes of the court which had been timely reduced to writing, timely recorded in a permanent record, and timely delivered to the custodian of records."

[8]Although appellant is correct in his contention that an element of estoppel is present in *Desherow,* estoppel was not present in *Meskell* and the absence of that element did not prevent that court from applying the substantial compliance test. (See also *Medak* v. *Cox,* 12 Cal.App.3d 70, 74 [90 Cal.Rptr. 452].)

sufficiency of the evidence to sustain the finding of an agency relationship." The procedural steps prescribed by section 657 of the Code of Civil Procedure[9] for determining a motion for new trial are mandatory and must be strictly followed. (*Mercer* v. *Perez,* 68 Cal.2d 104, 118 [65 Cal.Rptr. 315, 436 P.2d 315].)

The two leading cases which outline what is a sufficient specification of reasons where the trial court has granted a motion for new trial are *Mercer* v. *Perez, supra,* and *Scala* v. *Jerry Witt & Sons, Inc.,* 3 Cal.3d 359 [90 Cal.Rptr. 592, 475 P.2d 864]. In the *Mercer* decision, the California Supreme Court first stated the two basic purposes for the requirement of a specification of reasons in section 657: to promote judicial deliberation before judicial action and to make the right of appeal from the order more meaningful. Particularly as to the latter, the court found that the statutory requirement of a specification of reasons is intended to correct the necessity on appeal of searching the record for one piece of evidence to support the ground on which the motion is based. The court construed section 657 to require that: "[T]he judge who grants a new trial furnishes a concise but clear statement of the reasons why he finds one or more of the grounds of the motion to be applicable to the case before him. No hard and fast rule

---

[9]Code of Civil Procedure section 657 provides in pertinent part: "The verdict may be vacated and any other decision may be modified or vacated, in whole or in part, and a new or further trial granted on all or part of the issues, on the application of the party aggrieved, for any of the following causes, materially affecting the substantial rights of such party: . . .

"6. Insufficiency of the evidence to justify the verdict or other decision, or the verdict or other decision is against law; . . .

"When a new trial is granted, on all or part of the issues, the *court shall specify* the ground or grounds upon which it is granted *and the court's reason* or reasons for granting the new trial upon each ground stated.

"A new trial shall not be granted upon the ground of insufficiency of the evidence to justify the verdict or other decision, . . . unless after weighing the evidence the court is convinced from the entire record, including reasonable inferences therefrom, that the court or jury clearly should have reached a different verdict or decision.

"The order passing upon and determining the motion must be made and entered as provided in Section 660 and if the motion is granted must state the ground or grounds relied upon by the court, and may contain the specification of reasons. If an order granting such motion does not contain such specification of reasons, the court must, within 10 days after filing such order, prepare, sign and file such specification of reasons in writing with the clerk. . . .

"On appeal from an order granting a new trial . . . (a) the order shall not be affirmed upon the ground of the insufficiency of the evidence to justify the verdict or other decision, . . . unless such ground is stated in the order granting the motion and (b) on appeal from an order granting a new trial upon the ground of the insufficiency of the evidence . . . it shall be conclusively presumed that said order as to such ground was made only for the reasons specified in said order or said specification of reasons, and such order shall be reversed as to such ground only if there is no substantial basis in the record for any of such reasons." (Italics added.)

can be laid down as to the content of such a specification, and it will necessarily vary according to the facts and circumstances of each case. For example, . . . we hold that if the ground relied upon is *'insufficiency of the evidence'* the judge must briefly recite the respects in which he finds the evidence to be legally inadequate; no other construction is consonant with the conclusive presumption on appeal that the order was made 'only for the reasons specified.' . . . [S]*uch an order must briefly identify the portion of the record which convinces the judge 'that the court or jury clearly should have reached a different verdict or decision.'* " (*Mercer* v. *Perez,* 68 Cal.2d 104, 115-116 [65 Cal.Rptr. 315, 436 P.2d 315].) (Italics added.)

In *Scala,* the California Supreme Court was again confronted with the necessity of further clarifying section 657 as a result of appellate court decisions subsequent to *Mercer* which allowed a mere restatement of fact to suffice as a specification of reasons. The trial court's order in the *Scala* case stated that " 'there is no sufficient evidence to show that the defendant was negligent and the evidence does show that the plaintiff failed to use ordinary care for his own safety and that that failure was a proximate cause of his injuries.' " (*Scala* v. *Jerry Witt & Sons, Inc., supra,* 3 Cal.3d 359, 363.) In determining whether this statement gave a sufficient specification of reasons, the court in *Scala* chose to adopt the approach of the appellate court decisions in *McLaughlin* v. *City etc. of San Francisco,* 264 Cal.App.2d 310 [70 Cal.Rptr. 782], and *Van Zee* v. *Bayview Hardware Store,* 268 Cal.App. 2d 351 [74 Cal.Rptr. 21], which found that a specification of reasons phrased in terms of "ultimate fact" is not adequate to comply with section 657. In doing so, the *Scala* court found at page 366 that a recitation that " 'defendant was not negligent' or the 'plaintiff was negligent' is of little, if any, assistance to the appellant or to the reviewing court [as] [n]egligence, whether of the defendant or of the plaintiff, is a complex issue requiring for its resolution the determination of the existence or non-existence of a variety of different elements." As a result, the court found that the trial court's statement was merely one of "ultimate fact" which was not adequate enough to enable the court to "identify the respects in which the trial court found plaintiff's evidence to be insufficient." (*McLaughlin* v. *City etc. of San Francisco, supra,* 264 Cal.App.2d 310, 316.)[10]

---

[10]The court in *Scala,* finding the order before it did not comply with section 657, concluded: "It follows that a specification of reasons phrased, as here, in terms of such 'ultimate facts' as defendant's freedom from negligence and plaintiff's guilt of contributory negligence frustrates rather than promotes the legislative purpose of facilitating meaningful appellate review of the order granting a new trial, and hence is inadequate to comply with the mandate of Code of Civil Procedure section 657." (*Scala* v. *Jerry Witt & Sons, Inc., supra,* at pp. 369-370.)

The decision in *Scala* also reaffirmed the test utilized in *Mercer* for determining whether the reasons specified in an order granting a motion for new trial were sufficient and stated, "the judge would do well to apply the yardstick used in *McLaughlin, Van Zee,* and the case now before us, i.e., by considering whether his proposed specification of reasons will fairly serve the legislative purposes elucidated in *Mercer.*" (*Scala v. Jerry Witt & Sons, Inc., supra,* at p. 370.) The court in *Scala* also criticized a statement of reasons which is nothing more than a reiteration of the ground itself. (*Id.* at p. 367.) Appellate court decisions since *Scala* and *Mercer* have followed the guidelines prescribed by those cases and have approved orders granting motions for new trial where the trial court has identified specific portions of the record in support of its decision or has enumerated reasons based on the testimony of specified witnesses, the evidence, or the record before it,[11] and have disapproved those orders which do not contain any such reference within the specification of reasons.[12]

The statement in the instant order that the reason for granting the respondent's motion for new trial on the ground of insufficiency of evidence was that the evidence was insufficient to sustain a finding of an agency relationship is similar to those orders criticized and found lacking in *Mercer* and *Scala.* This reason for granting the motion is merely a statement of ultimate fact as it fails to specify any portion of the record which would uphold the court's conclusion to grant a new trial, and is only a reiteration of the ground on which the order is based. The issue of whether one is an agent is as complex as a finding of negligence in that the trial court must point to that evidence in the record which specifically failed to establish such a finding.

As the requirement of specification of reasons is mandatory (*Mercer v. Perez, supra,* at p. 120), and as such a specification does not appear on the order nor in a statement made within 10 days after the motion was granted, the trial court has lost its power to specify such reasons, and it is unable to revive its lapsed jurisdiction. To prevent this result, respondent's remedy

[11]*Jones v. Citrus Motors Ontario, Inc.,* 8 Cal.3d 706 [106 Cal.Rptr. 28, 505 P.2d 220] (in a three-page order, the trial court identified portions of the testimony, not refuted by the defendant, which it believed supported plaintiff's motion).

[12]*Stevens v. Parke, Davis & Co.,* 9 Cal.3d 51 [107 Cal.Rptr. 45, 507 P.2d 653] (the order was found insufficient where the court merely found that the verdict was excessive due to the prejudice and passion on the part of the jury); *Miller v. Los Angeles County Flood Control Dist.,* 8 Cal.3d 689 [106 Cal.Rptr. 1, 505 P.2d 193] (the order was found insufficient where it merely concluded that plaintiffs failed to prove the ultimate fact which they were required to establish); *Aronowicz v. Nalley's Inc.,* 30 Cal.App.3d 27 [106 Cal.Rptr. 424] (the reasons stated were found to be no more than statements of ultimate fact at best.)

was to apply for a writ of mandate ordering the judge to specify his reasons for granting the motion within the 10-day period. (*Id.,* at pp. 122-123.) As respondent failed to pursue her remedy, the order granting the new trial must be reversed. Consequently, the judgment will be automatically reinstated, and since we are presented with no cross-appeal by respondent Mulvany from such a judgment, its finality upon reinstatement will automatically follow. (*Miller* v. *Los Angeles County Flood Control Dist., supra,* 8 Cal.3d 689, 699.)

In her brief, respondent suggests that a motion for new trial could have been sustained on the ground that the decision was "against law"; however, even though that ground is contained in the same subsection as the ground of insufficiency of the evidence, it is a distinct ground of motion, and as it was not set forth in the notice of intention to move for a new trial, it cannot now be urged. (*Malkasian* v. *Irwin,* 61 Cal.2d 738, 745 [40 Cal.Rptr. 78, 394 P.2d 822].) As the only other ground set forth by the respondent in her notice of intention to move for a new trial was excessive damages, and as the trial court based its order granting the motion on the ground of insufficiency of the evidence, respondent is foreclosed from showing that the trial court could have granted the motion on the ground that the verdict was "against law."

Respondent further asserts that the instant order is not to be read as granting a new trial pursuant to section 657 of the Code of Civil Procedure, but rather is to be read as granting the alternative relief of modification of judgment on a motion for a new trial which is provided for by section 662 of the Code of Civil Procedure.[13] Such a modification is permissible where the cause is tried without a jury, and neither a statement of grounds nor one of reasons is required in support of the modification.[14]

As respondent demonstrates, the appellate courts have held that where a trial court has granted a new trial, but amended its findings, and where an

---

[13]Section 662 of the Code of Civil Procedure provides: "In ruling on such motion [motion for new trial], in a cause tried without a jury, the court may, on such terms as may be just, change or add to the findings, modify the judgment, in whole or in part, vacate the judgment, in whole or in part, and grant a new trial on all or part of the issues, or, in lieu of granting a new trial, may vacate and set aside the findings and judgment and reopen the case for further proceedings and the introduction of additional evidence with the same effect as if the case had been reopened after the submission thereof and before findings had been filed or judgment rendered. Any judgment thereafter entered shall be subject to the provisions of sections 657 and 659 of this code."

[14]See the content of sections 657 and 662 of the Code of Civil Procedure in footnotes 9 and 13, *supra.*

intent to act pursuant to section 662 is evidenced in an examination of the order as a whole, the order is in substance one denying the new trial and granting the alternative relief, regardless of form. (*Estate of Busteed*, 105 Cal.App.2d 14, 18 [232 P.2d 881]; *Roraback* v. *Roraback,* 38 Cal.App.2d 592, 596 [101 P.2d 772]; *Bureau of Welfare, etc.* v. *Drapeau,* 21 Cal.App. 2d 138, 150 [68 P.2d 998].) However, to determine whether the rules established by these cases are applicable to the present action, the cases which respondent cites and those which have held to the above proposition must be examined to determine whether the factual basis for those cases is similar to that of the instant case.

In *Bureau of Welfare, etc.* v. *Drapeau, supra,* 21 Cal.App.2d 138, the court was confronted with an order which read: " 'Motion of defendant for new trial submitted on October 15, 1935, is now *granted in part and findings and judgment order amended* (see memorandum of opinion on file).' " (*Id.,* at p. 140; italics added.) The attached memorandum indicated that it was error to enter judgment for the plaintiffs and concluded that " 'the findings and judgment herein will be *changed and amended* accordingly to conform to the views herein expressed and against the trust fund theory. [¶] Upon other points and as to other findings the *motion is denied* and the judgment will remain.' " (*Id.;* italics added.) Subsequent to this order, the amended judgment was entered. The appellate court in *Drapeau,* in liberally construing section 662, concluded that: "While that trial court used the expression 'granted in part' in the order and the expression 'granted as to that point' in the memorandum, *these expressions were followed immediately by the order for the change and amendment of the findings and judgment to conform to its corrected views* with respect to the legal effect of the applications and agreements. It is therefore clear that the trial court merely intended to grant the alternative relief under said section 662 in ruling upon the motion for new trial. We are therefore of the opinion that regardless of form of the trial court's order, it constituted in substance and effect an order denying the motion for new trial and granting such alternative relief." (*Id.,* at p. 150.) (Italics added.)

In a subsequent case, *Estate of Busteed, supra,* 105 Cal.App.2d 14, the court similarly found that as evidenced by the minute order granting the motion for new trial, the trial court did not intend to have any further trial, but rather desired only to amend its findings and enter a decree accordingly. The order read in full: " 'Motion for a new trial is granted upon the ground of insufficiency of evidence to sustain that portion of Finding VIII and Conclusion of Law thereon, declaring that . . . [appellants] are first cousins of decedent, and in so far as Findings VIII and the Conclusion of Law and Judgment thereon are concerned, the same are *modified and changed* so as

to provide that decedent left her surviving as her sole heirs at law the following named first cousins: . . . and that, otherwise, said motion for a new trial is *denied*. Counsel to prepare modified Findings of Fact and Conclusions of Law and Judgment in accordance herewith.' " (*Id.,* at p. 16.) (Italics added.) The court in *Busteed* found support for its decision from both the *Drapeau* case and *Estate of Perkins,* 21 Cal.2d 561 [134 P.2d 231], the latter case also dealing with an order which granted the motion for new trial in part, but specifically "modified and changed" one portion of its previous judgment. (*Estate of Perkins, supra,* at pp. 567-568.) More recent cases have also found that after an examination of the particular order before the court, read as a whole, it was apparent that the trial court was acting pursuant to section 662 rather than section 657. These cases, however, involved orders that either first denied the motion for new trial and reopened the case as to specified findings (*Western Electroplating Co.* v. *Henness,* 172 Cal.App.2d 278 [341 P.2d 718]);[15] or specifically called for a modification of the findings. (*Medak* v. *Cox, supra,* 12 Cal.App.3d 70;[16] *Howard A. Deason & Co.* v. *Costa Tierra Ltd.,* 2 Cal.App.3d 742 [83 Cal. Rptr. 105][17]); or specifically designated that the trial court was acting pursuant to section 662 of the Code of Civil Procedure in making its order. (*Avery* v. *Associated Seed Growers, Inc.,* 211 Cal.App.2d 613, 619 [27 Cal.Rptr. 625].)

In each instance, there was language by the trial court expressing the intention to deny the motion for a new trial, at least in part; to reopen the hearings for further proceedings; to order and make new findings and conclusions, a new and different judgment, and even the entry of a new and different judgment; or a combination thereof.

In the present action no such action was taken by the trial court. The order states: "The motion for new trial is granted on the grounds of insufficiency of the evidence to sustain the finding of an agency relationship. The Judgment heretofore made and entered is vacated and set aside as to

[15]The order in *Western Electroplating* read: " 'The motion for a new trial is denied and in lieu of granted [*sic*] the motion for a new trial those portions of the findings and judgment involving the subject of monetary damages and no other are set aside and the case is reopened on the sole issue of the amount of damages . . . .' " (*Western Electroplating Co.* v. *Henness, supra,* at p. 280.)

[16]The order in *Medak* specifically required modification by deleting certain findings and further required " 'Plaintiff's attorney to present amended judgments, and show on a motion for new trial the court modifies findings and conclusions . . . .' " (*Medak* v. *Cox, supra,* at p. 74.)

[17]The court in *Deason* dealt with an order in which the motion for new trial was granted " 'for the limited purpose of introducing eight bonds into evidence' and the findings, conclusions and judgment were ordered modified as requested." (*Howard A. Deason & Co.* v. *Costa Tierra Ltd., supra,* at p. 758.)

the Defendant Isabel Rublee Mulvaney [*sic*] only." No reference was made to a new judgment; to a denial of a motion for a new trial, either in whole or in part; or to new findings and/or a new judgment. No substantive modification of the trial court's original decision was made; no separate judgment was later entered; and there was a complete omission of any instructions to prepare new findings to counsel from either side. Nor was a memorandum of costs filed or other remedies pursued to which respondent would be entitled if a judgment had been entered in her favor. It cannot be said that under these circumstances the order was meant to be a modification of the trial court's former judgment, pursuant to section 662.

The order granting a new trial is reversed.

Kaus, P. J., and Ashby, J., concurred.