[Civ. No. 54274. Second Dist., Div. Three. May 22, 1979.]

JOSEPH GBUR, Cross-complainant and Appellant, v.
CHARLES COHEN et al., Cross-defendants and Respondents.

## Counsel

Ball, Hunt, Hart, Brown & Baerwitz and Albert H. Ebright for Cross-complainant and Appellant.

Cohen, Alexander & Clayton, Raymond C. Clayton, Nordman, Cormany, Hair & Compton and Brian J. Back for Cross-defendants and Respondents.

## Opinion

**COBEY, Acting P. J.**—Cross-Complainant, Joseph Gbur, appeals from a judgment (Code Civ. Proc., § 581d) dismissing his first amended cross-complaint against two of the three individual nonfictitious cross-defendants named therein, Charles Cohen, and G. H. Riedinger, following the sustaining, without leave to amend, of their respective general demurrers to this pleading.[1] The appeal lies. (Code Civ. Proc., § 904.1, subd. (a).)

*The Pertinent Allegations of the*
*First Amended Cross-complaint*

Gbur alleged in this pleading for declaratory relief and indemnity that cross-defendant, Buenaventura Academy, Inc., (Academy) was a California nonprofit charitable corporation organized exclusively to provide normalized residential care and enrichment programs for mentally retarded children; that from July 19, 1974, to October 5, 1976, he was a member of the Academy's board of directors and also its president and business manager, and that during this period the three individual nonfictitious cross-defendants were also members of the Academy's board of directors and/or officers of the Academy.

Gbur further alleged in his pleading that plaintiffs in the main action, namely, the People of the State of California and the Academy, sought therein from Gbur an accounting, injunctive relief, and a surcharge order relating to his alleged diversion for personal benefit of charitable funds,

---

[1]The judgment under appeal actually dismissed only the first cause of action of this pleading, but since it is the only cause of action therein directed against cross-defendants, Cohen and Riedinger, it constitutes as to them a dismissal of the entire cross-complaint. A third nonfictitious individual cross-defendant, Roger Case, is not involved in this appeal.

that he denied the allegations of the complaint in his answer thereto and also alleged therein as affirmative defenses that the alleged diversion of funds was actually the payment of his salary and the repayment of loans he had made to the Academy for operating capital. Gbur then alleged that these payments by him had been made with the knowledge, consent and approval of the cross-defendants and that such payments were properly authorized and were not a breach of his fiduciary duties.

Gbur next alleged in his first amended cross-complaint that an actual controversy had arisen among the cross-parties regarding the propriety of the aforesaid payments; that if they were found to have been unauthorized, the making of them constituted negligence only and that cross-defendants were equally responsible for them under Civil Code section 2239 since cross-defendants knew, approved and participated in such conduct and therefore, if he were held liable to the Academy for these payments, this liability must be apportioned among himself and the cross-defendants.

## DISCUSSION

The trial court in this case failed to comply with the requirement of Code of Civil Procedure section 472d that it state the specific grounds upon which its order, sustaining the general demurrers of Cohen and Riedinger to the first amended cross-complaint, was based and therefore we have no information as to the exact basis for this ruling.[2]

■ It seems to us, though, that a cross-complaint for contribution by one trustee of a charitable trust against his fellow trustees can lie pursuant to Civil Code section 2239. This section reads: "A trustee is responsible for the wrongful acts of a co-trustee to which he consented, or which, by his negligence, he enabled the latter to commit, but for no others." Where a breach of trust results in liability to more than one trustee, under this section the liability of the affected trustees is joint and several (see *Freeman* v. *Donohoe* (1923) 65 Cal.App. 65, 92 [223 P. 431], disapproved in another respect in *Jefferson* v. *J. E. French Co.* (1960) 54 Cal.2d 717, 719-720 [7 Cal.Rptr. 899, 355 P.2d 643]), and a suit for contribution between them may be brought. (See *Bermingham* v. *Wilcox* (1898) 120 Cal. 467, 474 [52 P. 822]; *Lynch* v. *John M. Redfield Foundation* (1970) 9 Cal.App.3d 293, 296, 303 [88 Cal.Rptr. 86, 51 A.L.R.3d 1284].)

[2]The ruling could not have been based upon the fact that these cross-defendants were not named parties to the suit prior to the filing of the cross-complaint since Code of Civil Procedure section 428.20 permits the proper joinder of any person as a cross-defendant, whether or not that person was theretofore a party to the action.

We turn to the sufficiency of the pleading before us.[3] Both Cohen and Riedinger assert that we should examine certain allegations of the complaint in determining the sufficiency of the cross-complaint before us since their general demurrers rested in part upon those allegations. (See Code Civ. Proc., § 430.30, subd. (a); *Weil* v. *Barthel* (1955) 45 Cal.2d 835, 837 [291 P.2d 30].) ■ Judicial notice ordinarily may be taken of a court's own records, including the prior pleadings in a case. (See Evid. Code, § 452, subd. (d); *Hammell* v. *Britton* (1941) 19 Cal.2d 72, 75 [119 P.2d 333]; *Hills Trans. Co.* v. *Southwest Forest Industries, Inc.* (1968) 266 Cal.App.2d 702, 710 [72 Cal.Rptr. 441].) ■ But judicial notice, since it is a substitute for proof (see Haight & Cotchett, Cal. Courtroom Evidence (1972) p. 97), is always confined to those matters which are relevant to the issue at hand. (See Jefferson, Cal. Evidence Benchbook (1972) § 47.1, p. 833; *id.* (1978 supp.) pp. 579-580; Evid. Code, §§ 190, 350; *Tuck* v. *Thuesen* (1970) 10 Cal.App.3d 193, 199 [88 Cal.Rptr. 759], disapproved in another respect in *Neel* v. *Magana, Olney, Levy, Cathcart & Gelfand* (1971) 6 Cal.3d 176, 190 [98 Cal.Rptr. 837, 491 P.2d 421]; *Zabriskie* v. *Lewis* (10th Cir. 1974) 507 F.2d 546, 553.) ■ The only matter ordinarily relevant to the sufficiency of the pleading under review is the relevant allegations of that pleading. (See *Fresno Canal and Irr. Co.* v. *Perrin* (1915) 170 Cal. 411, 414 [149 P. 805].)

■ We have already summarized the pertinent allegations of the first amended cross-complaint. Essentially through them Gbur alleged that the diversion of funds of the Academy charged against him in the complaint constituted payments by him to himself as salary and in repayment of loans he had previously made to the Academy for operating capital and that such payments had either been duly authorized or, if unauthorized, they had been made by him with the knowledge, consent and approval of, among others, cross-defendants Cohen and Riedinger.

■ The duties of a trustee of a charitable trust resemble those of a trustee of a private trust. (Rest.2d Trusts, § 379.) ■ Where more than one trustee of a trust is liable to a beneficiary for a breach of trust, each trustee ordinarily is entitled to contribution from the other trustees except where their respective degrees of fault substantially differ. (Rest.2d Trusts, § 258.) More negligence on the part of one trustee than the others,

---

[3]As we see it, substantively, this is purely a question of trust law. This being so, neither *American Motorcycle Assn.* v. *Superior Court* (1978) 20 Cal.3d 578 [146 Cal.Rptr. 182, 578 P.2d 899], nor the contribution among joint tortfeasors statute (Code Civ. Proc., § 875 et seq.) have any application to this case because both involve tort law as opposed to trust law. The statute expressly limits its application to tort actions. (§ 875, subd. (a).) The decision does not, but its factual situation is exclusively a tort one. (*Id.,* at pp. 584-586.)

or more active involvement by one trustee in the commission of the breach of trust, than the others, does not, however, necessarily preclude their contribution to the first mentioned trustee. (*Id.,* com. e.) ■ As the Restatement points out, in determining whether a trustee is more substantially at fault than a fellow trustee, consideration should be given to: (1) whether the first trustee fraudulently induced the others to join in the breach of trust; (2) whether he intentionally committed a breach of trust and the others were, at most, guilty of negligence; (3) whether, because of his greater experience or expertise, he controlled the conduct of the others; (4) whether he alone committed the breach of trust and the others are liable only because of an improper delegation or failure to exercise reasonable care to prevent him from committing the breach of trust or neglected to take proper steps to compel him to redress the breach of trust. (*Id.,* com. d.) ■ In any event in California, if Civil Code section 2239 is to be read literally, it limits the liability of cotrustees to situations where they either consented to the breach of trust or by their negligence permitted it to occur.

■ Payment of compensation to a charitable trustee in any capacity is suspect. (See Bogert (rev. 2d ed. 1978) § 543 (M).) On the other hand, the making and the repayment of even unauthorized loans to a beneficiary may not always be culpable. (See 2 Scott on Trusts (3d ed. 1967) § 170.20.)

■ Cohen and Riedinger in their successful petition for a rehearing of this appeal point out that under subdivision 1(b) of the aforementioned section 258 of the Restatement Second of Trusts if one trustee receives a benefit from a breach of trust, the other trustees are entitled to indemnity from him to the extent of the benefit. They argue that since, as we have previously noted generally, Gbur alleged in the pleading at issue, his first amended cross-complaint, that he used the funds of the Academy at issue to pay himself a salary, presumably for his services as president and business manager, and to repay to himself loans he had previously made to the Academy for operating capital, he received benefit from these payments and Cohen and Riedinger are therefore entitled to indemnity from Gbur for these payments and not vice versa. From the four illustrations given under comment f of the section, however, this result follows only if the benefit obtained by the breaching trustee is an unearned benefit or an otherwise improper one. Gbur's relevant allegations do not state facts sufficient to determine whether he was rightfully entitled to these payments in the sense just used; but since a pleader's allegations must be liberally construed with a view to substantial justice

between the parties (Code Civ. Proc., § 452; *Gruenberg* v. *Aetna Ins. Co.* (1973) 9 Cal.3d 566, 572, fn. 4 [108 Cal.Rptr. 480, 510 P.2d 1032]), we cannot say with respect to the pleading before us that he has pled himself out of court.

Consequently, we are still of the view that Gbur has stated in the pleading at issue a cause of action under the applicable trust law (statutory and otherwise) for contribution by cross-defendants Cohen and Riedinger with respect to his possible liability to the Academy for the payments he made to himself by way of salary and in repayment of his prior loans to the Academy. He has pled their consent and their negligence. Accordingly, the general demurrers of these cross-defendants to Gbur's first amended cross-complaint should not have been sustained.

## DISPOSITION

The judgment under appeal is reversed for further proceedings consistent with the views expressed in this opinion.

Allport, J., and Potter, J., concurred.

The petition of respondent Cohen for a hearing by the Supreme Court was denied August 15, 1979.